**E-FILED on** 10/18/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD CARRIZOSA and MARY PEA,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL STASSINOS; ALAN MECHAM; LEGAL RECOVERY SERVICES, INC.; LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA, INC.; and CENTRAL VALLEY LEGAL RECOVERY SERVICES, INC.<br><br>Defendants. | No. C-05-02280 RMW<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR A MORE DEFINITE STATEMENT<br><br>[Re Docket Nos. 7, 8, 16, 18, 19, 20, 21] |

Two plaintiffs have sued a group of debt collectors, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, and California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq*. Three of the defendants move under Federal Rule of Civil Procedure[1] 12(b)(6) to dismiss for failure to state a claim, and two of these defendants move in the alternative under Rule 12(e) for a more definite statement.

The requirements of a modern pleading are few; as the Supreme Court noted long ago, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

---

[1] Further references to a "Rule" will be to a Federal Rule of Civil Procedure.

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The basics of the plaintiffs' allegations here are that Paul Stassinos, Alan Mecham, and the three corporate defendants operated in concert to collect more money from the plaintiffs for bounced checks than allowed by law. *See* Compl. ¶¶ 12-13, 16, 20-23. The complaint is sufficient to put the defendants on notice of plaintiffs' claims, and the lack of specific allegations pertaining to agency theories does not indicate plaintiffs would be unable to prove some set of facts that would entitle them to recover from each of the defendants moving to dismiss. Granting defendants' Rule 12(b)(6) motion would be inappropriate.

Defendants challenge plaintiffs' standing to assert their claims, citing to cases such as *Thompson v. Board of Education*, 709 F.2d 1200 (6th Cir. 1983), and *Vulcan Society of Westchester County v. Fire Department of White Plains*, 82 F.R.D. 379 (S.D.N.Y. 1972). These cases dealt with standing issues peculiar to class actions. While plaintiffs have captioned their case as if it were a class action and clearly have an eye on class certification, this case has not been certified as a class action. Defendants' standing arguments thus are not relevant at this time. Plaintiffs have alleged defendants harmed them by violating statutory restrictions on debt collectors; plaintiffs have standing to assert such claims individually.

Under Rule 12(b), a court may treat a motion to dismiss for failure to state a claim up which relief can be granted as a motion for summary judgment under Rule 56, but to do so must give the parties an opportunity to present evidence. Defendant Central Valley Legal Recovery Services, Inc., ("Central Valley") with its motion to dismiss offers a declaration that it has no record of plaintiffs in its files. *See* Central Valley Mot. to Dismiss, Ex. B at 2. Rather than convert the instant motions into motions for summary judgment, the court declines to consider matters outside the pleadings at this time. Defendants are still free, of course, to move for summary judgment at any time. FRCivP 56(b).

Defendants Mecham and Legal Recovery Services of Central California, Inc., ("Central California") move in the alternative for a more definite statement from the plaintiffs, claiming that the plaintiffs' complaint is too vague. Mecham and Central California claim that the lack of allegations linking them to the debt collection letters and nothing beyond conclusory statements that they acted in concert with the other defendants leave them unable to respond to the plaintiffs' allegations. Mecham Mot. to Dismiss at 3-4; Central California Mot. to Dismiss at 5-6. Nonetheless, Mecham also points out what he considers flaws

in plaintiffs' case, such as lack of facts indicating that piercing the corporate veil is warranted here. *Id.* at 2-3.  Mecham is obviously aware—as Central California should be—of the nature of plaintiffs' claims and able to adequately respond.[2]  Their motions for a more definite statement are denied.

       In short, defendants' motions to dismiss for failure to state a claim and motions for a more definite statement contain arguments more appropriate for motions for summary judgment.  Defendants have not shown that plaintiffs cannot prove any set of facts that would entitle them to relief, nor is the plaintiffs' complaint so vague or ambiguous that the defendants cannot be reasonably expected to formulate a response, therefore, defendants' motions are all denied.

DATED:     10/18/05                              /s/ Ronald M. Whyte  
                                                         RONALD M. WHYTE  
                                                         United States District Judge

---

[2] Other defendants are apparently able to respond to plaintiffs' complaint. Defendant Legal Recovery Services, Inc. filed an answer to the complaint, and defendant Central Valley has searched its records and found no mention of plaintiffs, Central Valley Mot. to Dismiss, Ex. B at 2.

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR A MORE DEFINITE STATEMENT—No. C-05-02280 RMW  
JAH                                         3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Frederick William Schwinn | cand_cmecf@sjconsumerlaw.com |
| O. Randolph Bragg | rand@horwitzlaw.com |
| Paul Arons | lopa@rockisland.com |
| Ronald Wilcox | ronaldwilcox@post.harvard.edu |

**Counsel for Defendants:**

| | |
|---|---|
| Mark Ewell Ellis | mellis@mpbf.com |
| June D. Coleman | jcoleman@mpbf.com |
| Christopher E Terrill | cet@dossandterrilllaw.com |
| Thomas Mark Smith | msmith@clifford-brownlaw.com |
| Scott Lynn Harper | sharper@bhsmck.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     10/18/2005          /s/ JH
                                   **Chambers of Judge Whyte**