1 | Paul Arons, State Bar #84970
**LAW OFFICE OF PAUL ARONS**
2 | 685 Spring Street, #104
Friday Harbor, WA 98250
3 | Tel:  (360) 378-6496
Fax: (360) 37806498
4 | lopa@rockisland.com
5 |
Ronald Wilcox, State Bar #176601
6 | **LAW OFFICE OF RONALD WILCOX**
2160 The Alameda, 1st Flr., Suite F
7 | San Jose, CA 95126
Tel:  (408) 296-0400
8 | Fax: (408) 296-0486
9 | O. Randolph Bragg, IL. Bar #06221983
**HORWITZ, HORWITZ & ASSOCIATES**
10 | 25 East Washington, Suite 900
Chicago, IL 60602
11 | (312) 372-8822
12 | **Attorneys for Plaintiffs**

13 |
### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| RICHARD L. CARRIZOSA and MARY PEA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PAUL R. STASSINOS, an individual, ALAN MECHAM, an individual, LEGAL RECOVERY SERVICES, INC., a California corporation, LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA, INC., a California corporation, CENTRAL VALLEY LEGAL RECOVERY SERVICES, INC., a California corporation, DOES 1 through 20.,<br><br>Defendants. | CIV. NO.  05-2280 RMW<br><br>**CLASS ACTION**<br><br>**APPENDICES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY FROM LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA, INC.**<br><br>Date:  May 17, 2006<br>Time: 9:30 a.m.<br>Courtroom 4 |

1 | T. MARK SMITH, ESQ., State Bar No. 162370
CLIFFORD & BROWN
2 | A Professional Corporation
Attorneys at Law
3 | 1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301-5230
4 | (661) 322-6023
(661) 322-3508 - Fax
5
Attorney for Legal Recovery Services of Central California, Inc.
6

7 | UNITED STATES DISTRICT COURT

8 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 | SAN JOSE DIVSION

10

11 | RICHARD L. CARRIZOSA, and MARY) Case No.: C05 02280 RMW
PEA, on behalf of themselves and other)
12 | similarly situated,                  )  DEFENDANT    LEGAL    RECOVERY
                                        )  SERVICES OF CENTRAL CALIFORNIA'S
13 |                                     )  RESPONSE  TO  PLAINTIFF  RICHARD
            Plaintiffs,                  )  CARRIZOSA'S      REQUEST      FOR
14 |                                     )  PRODUCTION OF DOCUMENTS
                                        )
15 |        vs.                          )
                                        )
16 | PAUL R. STASSINOS, an individual, ALAN)
MECHAM,    an    individual,    LEGAL)
17 | RECOVERY SERVICES, INC., a California)
corporation,    LEGAL    RECOVERY)
18 | SERVICES OF CENTRAL CALIFORNIA,)
INC., a California corporation, CENTRAL)
19 | VALLEY LEGAL RECOVERY SERVICES,)
INC., a California corporation, and DOES 1)
20 | through 20, inclusive,                )
                                        )
21 |                                     )
        Defendants                       )
22 | _____)

23 | PROPOUNDING PARTY:  Plaintiff, RICHARD CARRIZOSA

24 | RESPONDING PARTY:   Defendant, LEGAL RECOVERY SERVICES OF CENTRAL
25
                              CALIFORNIA
26

27 | SET NUMBER:       One

28 | ////

-1-

**APPENDIX 1**

1   Comes now defendant, Legal Recovery Services of Central California, and responds to

2   plaintiff, Richard Carrizosa, Request for Production of Documents (Set No. One) pursuant to

3   Rule 34 of the Federal Rules of Civil Procedure as follows:

4   PRELIMINARY STATEMENT

5   1.    Defendant has not yet fully completed investigation of the circumstances and

6   facts relating to, has not yet completed discovery in, and has not completed preparation for trial

7   of this action. It is anticipated that further discovery, independent investigation and analysis

8   shall supply additional documents, evidence, and information. Defendant's responses to

9   plaintiff's Demand for Production of Documents are based only on such documents, evidence,

10  and information which are presently available and specifically known to defendant, and are given

11  without prejudice to defendant's right to produce subsequently discovered documents, evidence,

12  or information at the time of trial or at the hearing of a motion. Furthermore, defendant reserves

13  the right to produce documents, evidence, and information of any subsequently discovered facts

14  which it may later recall or discover.

15  2.    Nothing set forth herein by defendant is intended, or shall be construed, as a

16  waiver of any objection it may assert under the Federal Rules of Civil Procedure, which would

17  require the exclusion of any answer at the time of trial or at the hearing of a Motion. Also, such

18  objections are expressly reserved and may be made at such later time.

19  3.    Subject to the claims of attorney/client privilege, the attorney work-product

20  doctrine, or other privileges and the objections set forth herein, defendant responds to plaintiff's

21  Demand for Production of Documents.

22  4.    This "Preliminary Statement" is incorporated into each of the following specific

23  responses of defendant to plaintiff's Demand for Production of Documents.

24  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

25  **Request for Production No. 1:**

26  All organization charts for LRS of Central California.

27  ////

28  ////

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

1 | **Response to Request for Production No. 1:**

2     1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
3 grounds that the information requested is neither relevant to the subject matter of this action nor
4 reasonably calculated to lead to the discovery of admissible evidence.  The instant action
5 involves two plaintiffs who have not had contact with this Defendant;

6     2.    Objection, the request is overly broad and remote;

7     3.    Objection, the request is oppressive, harassing and burdensome;

8     4.    Objection, the request seeks information which is protected by a right to financial
9 privacy;

10     5.    Objection, the request seeks information which is subject to trade secret
11 protection;

12     6.    Objection, the request seeks information including defendant's counsel's legal
13 analysis and theories and therefore invades the attorney's work-product privilege;

14     7.    Objection, the request seeks information which is protected from disclosure by the
15 attorney-client privilege.

16     Notwithstanding and without waving the foregoing objections, and subject thereto,
17 Defendant responds that after a diligent search and a reasonable inquiry, no documents
18 responsive to the request exist in Defendant's possession, custody or control.

19 | **Request for Production No. 2:**

20     The articles of incorporation, and any other documents concerning the formation of LRS
21 of Central California.

22 | **Response to Request for Production No. 2:**

23     1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
24 grounds that the information requested is neither relevant to the subject matter of this action nor
25 reasonably calculated to lead to the discovery of admissible evidence.  The instant action
26 involves two plaintiffs who have not had contact with this Defendant;

27     2.    Objection, the request is overly broad and remote;

28     3.    Objection, the request is oppressive, harassing and burdensome;

-3-

**APPENDIX 1**

1       4.     Objection, the request seeks information which is protected by a right to financial

2  privacy;

3       5.     Objection, the request seeks information which is subject to trade secret

4  protection;

5       6.     Objection, the request seeks information including defendant's counsel's legal

6  analysis and theories and therefore invades the attorney's work-product privilege;

7       7.     Objection, the request seeks information which is protected from disclosure by the

8  attorney-client privilege.

9       Notwithstanding and without waving the foregoing objections, and subject thereto,

10  Defendant responds that it will produce its Articles of Incorporation at a mutually convenient

11  time and location.

12  **Request for Production No. 3:**

13       All minute books, stock record books, articles of incorporation and other books and

14  records showing the organization, operation, and ownership of LRS of Central California.

15  **Response to Request for Production No. 3:**

16       1.     Defendant Legal Recovery Services of Central California, Inc., objects on the

17  grounds that the information requested is neither relevant to the subject matter of this action nor

18  reasonably calculated to lead to the discovery of admissible evidence.   The instant action

19  involves two plaintiffs who have not had contact with this Defendant;

20       2.     Objection, the request is overly broad and remote;

21       3.     Objection, the request is oppressive, harassing and burdensome;

22       4.     Objection, the request seeks information which is protected by a right to financial

23  privacy;

24       5.     Objection, the request seeks information which is subject to trade secret

25  protection;

26       6.     Objection, the request seeks information including defendant's counsel's legal

27  analysis and theories and therefore invades the attorney's work-product privilege;

28  ////

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

7.      Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Notwithstanding and without waving the foregoing objections, and subject thereto, Defendant responds that it will produce its articles of incorporation and bylaws at a mutually convenient time and location.

**Request for Production No. 4:**

All agreements between any of the defendants, in effect at any time during the relevant time period related to the business of collecting dishonored checks.

**Response to Request for Production No. 4:**

1.      Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.      Objection, the request is overly broad and remote;

3.      Objection, the request is oppressive, harassing and burdensome;

4.      Objection, the request seeks information which is protected by a right to financial privacy;

5.      Objection, the request seeks information which is subject to trade secret protection;

6.      Objection, the request seeks information including defendant's counsel's legal analysis and theories and therefore invades the attorney's work-product privilege;

7.      Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Defendant agrees to produce no documents in response to this request.

**Request for Production No. 5:**

All documents, including but not limited to agreements, guidelines and memoranda that, in whole or in part, describe the obligations that any defendant has to merchants, in collecting dishonored checks.

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

**Response to Request for Production No. 5:**

1.    Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.    Objection, the request is overly broad and remote;

3.    Objection, the request is oppressive, harassing and burdensome;

4.    Objection, the request seeks information which is protected by a right to financial privacy;

5.    Objection, the request seeks information which is subject to trade secret protection;

6.    Objection, the request seeks information including defendant's counsel's legal analysis and theories and therefore invades the attorney's work-product privilege;

7.    Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Defendant agrees to produce no documents in response to this request.

**Request for Production No. 6:**

An example of each form letter that LRS of Central California uses in its communications with check writers and with merchants.

**Response to Request for Production No. 6:**

1.    Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.    Objection, the request is overly broad and remote;

3.    Objection, the request is oppressive, harassing and burdensome;

4.    Objection, the request seeks information which is protected by a right to financial privacy;

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

1       5.      Objection, the request seeks information which is subject to trade secret
2  protection;

3       6.      Objection, the request seeks information including defendant's counsel's legal
4  analysis and theories and therefore invades the attorney's work-product privilege;

5       7.      Objection, the request seeks information which is protected from disclosure by the
6  attorney-client privilege.

7       Defendant agrees to produce no documents in response to this request.

8  **Request for Production No. 7:**

9       For each form letter that LRS of Central California uses in its communications with
10 check writers, all documents relating to or depicting the drafting, authorization or approval of the
11 use of the form letter.

12 **Response to Request for Production No. 7:**

13      1.      Defendant Legal Recovery Services of Central California, Inc., objects on the
14 grounds that the information requested is neither relevant to the subject matter of this action nor
15 reasonably calculated to lead to the discovery of admissible evidence.   The instant action
16 involves two plaintiffs who have not had contact with this Defendant;

17      2.      Objection, the request is overly broad and remote;

18      3.      Objection, the request is oppressive, harassing and burdensome;

19      4.      Objection, the request seeks information which is protected by a right to financial
20 privacy;

21      5.      Objection, the request seeks information which is subject to trade secret
22 protection;

23      6.      Objection, the request seeks information including defendant's counsel's legal
24 analysis and theories and therefore invades the attorney's work-product privilege;

25      7.      Objection, the request seeks information which is protected from disclosure by the
26 attorney-client privilege.

27 ////

28 ////

-7-

**APPENDIX 1**

1   Notwithstanding and without waving the foregoing objections, and subject thereto,

2   Defendant responds that after a diligent search and a reasonable inquiry, no documents

3   responsive to the request exist in Defendant's possession, custody or control.

4   **Request for Production No. 8:**

5   All summaries or periodic reports that quantify LRS of Central California's activity in

6   collecting checks, such as summaries of the number of checks submitted to LRS of Central

7   California for collection, the number and type of letters that LRS of Central California has

8   mailed to check writers, the amount of money that LRS of Central California has recovered in

9   collecting checks, the division of collection proceeds between defendants, and similar

10  information.  This includes, but is not limited to, summaries and reports generated for LRS of

11  Central California's internal use, and reports generated for any other purpose.

12  **Response to Request for Production No. 8:**

13  1.   Defendant Legal Recovery Services of Central California, Inc., objects on the

14  grounds that the information requested is neither relevant to the subject matter of this action nor

15  reasonably calculated to lead to the discovery of admissible evidence.   The instant action

16  involves two plaintiffs who have not had contact with this Defendant;

17  2.   Objection, the request is overly broad and remote;

18  3.   Objection, the request is oppressive, harassing and burdensome;

19  4.   Objection, the request seeks information which is protected by a right to financial

20  privacy;

21  5.   Objection, the request seeks information which is subject to trade secret

22  protection;

23  6.   Objection, the request seeks information including defendant's counsel's legal

24  analysis and theories and therefore invades the attorney's work-product privilege;

25  7.   Objection, the request seeks information which is protected from disclosure by the

26  attorney-client privilege.

27  Defendant agrees to produce no documents in response to this request.

28  ////

**APPENDIX 1**

1   **Request for Production No. 9:**

2        All documents containing information related to LRS of Central California's collection

3   efforts on individual accounts, including records identifying check writers, check amounts, check

4   dates and payees, payment demands made by LRS of Central California, payments received by

5   LRS of Central California, and LRS of Central California's distribution of payments received.

6   **Response to Request for Production No. 9:**

7        1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

8   grounds that the information requested is neither relevant to the subject matter of this action nor

9   reasonably calculated to lead to the discovery of admissible evidence.   The instant action

10   involves two plaintiffs who have not had contact with this Defendant;

11        2.    Objection, the request is overly broad and remote;

12        3.    Objection, the request is oppressive, harassing and burdensome;

13        4.    Objection, the request seeks information which is protected by a right to financial

14   privacy;

15        5.    Objection, the request seeks information which is subject to trade secret

16   protection;

17        6.    Objection, the request seeks information including defendant's counsel's legal

18   analysis and theories and therefore invades the attorney's work-product privilege;

19        7.    Objection, the request seeks information which is protected from disclosure by the

20   attorney-client privilege.

21        Defendant agrees to produce no documents in response to this request.

22   **Request for Production No. 10:**

23        All documents that describe or explain any codes, abbreviations or phrases that LRS of

24   Central California uses in the computerized records, summaries and reports of its collection

25   activity.

26   **Response to Request for Production No. 10:**

27        1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

28   grounds that the information requested is neither relevant to the subject matter of this action nor

**APPENDIX 1**

1  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
2  involves two plaintiffs who have not had contact with this Defendant;

3      2.     Objection, the request is overly broad and remote;

4      3.     Objection, the request is oppressive, harassing and burdensome;

5      4.     Objection, the request seeks information which is protected by a right to financial
6  privacy;

7      5.     Objection, the request seeks information which is subject to trade secret
8  protection;

9      6.     Objection, the request seeks information including defendant's counsel's legal
10  analysis and theories and therefore invades the attorney's work-product privilege;

11      7.     Objection, the request seeks information which is protected from disclosure by the
12  attorney-client privilege.

13      Defendant agrees to produce no documents in response to this request.

14  **Request for Production No. 11:**

15      All documents that contain any explanation or description of the procedures that LRS of
16  Central California follows in collecting checks, including but not limited to organizational charts,
17  flow diagrams or procedures manuals.

18  **Response to Request for Production No. 11:**

19      1.     Defendant Legal Recovery Services of Central California, Inc., objects on the
20  grounds that the information requested is neither relevant to the subject matter of this action nor
21  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
22  involves two plaintiffs who have not had contact with this Defendant;

23      2.     Objection, the request is overly broad and remote;

24      3.     Objection, the request is oppressive, harassing and burdensome;

25      4.     Objection, the request seeks information which is protected by a right to financial
26  privacy;

27      5.     Objection, the request seeks information which is subject to trade secret
28  protection;

-10-

**APPENDIX 1**

1    6.    Objection, the request seeks information including defendant's counsel's legal
2  analysis and theories and therefore invades the attorney's work-product privilege;

3    7.    Objection, the request seeks information which is protected from disclosure by the
4  attorney-client privilege.

5    Notwithstanding and without waving the foregoing objections, and subject thereto,
6  Defendant responds that after a diligent search and a reasonable inquiry, no documents
7  responsive to the request exist in Defendant's possession, custody or control.

8  **Request for Production No. 12:**

9    All documents containing scripts or suggested responses for LRS of Central California
10  employees to use in communicating with check writers and with merchants.

11  **Response to Request for Production No. 12:**

12    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
13  grounds that the information requested is neither relevant to the subject matter of this action nor
14  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
15  involves two plaintiffs who have not had contact with this Defendant;

16    2.    Objection, the request is overly broad and remote;

17    3.    Objection, the request is oppressive, harassing and burdensome;

18    4.    Objection, the request seeks information which is protected by a right to financial
19  privacy;

20    5.    Objection, the request seeks information which is subject to trade secret
21  protection;

22    6.    Objection, the request seeks information including defendant's counsel's legal
23  analysis and theories and therefore invades the attorney's work-product privilege;

24    7.    Objection, the request seeks information which is protected from disclosure by the
25  attorney-client privilege.

26    Notwithstanding and without waving the foregoing objections, and subject thereto,
27  Defendant responds that after a diligent search and a reasonable inquiry, no documents
28  responsive to the request exist in Defendant's possession, custody or control.

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

**Request for Production No. 13:**

All documents used at LRS of Central California in training employees who communicate with check writers and merchants.

**Response to Request for Production No. 13:**

1.     Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.     Objection, the request is overly broad and remote;

3.     Objection, the request is oppressive, harassing and burdensome;

4.     Objection, the request seeks information which is protected by a right to financial privacy;

5.     Objection, the request seeks information which is subject to trade secret protection;

6.     Objection, the request seeks information including defendant's counsel's legal analysis and theories and therefore invades the attorney's work-product privilege;

7.     Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Notwithstanding and without waving the foregoing objections, and subject thereto, Defendant responds that after a diligent search and a reasonable inquiry, no documents responsive to the request exist in Defendant's possession, custody or control other than copies of relevant statutes which are equally available to all parties.

**Request for Production No. 14:**

All documents that LRS of Central California uses in its efforts to avoid violations of the Fair Debt Collection Practices Act.

**Response to Request for Production No. 14:**

1.     Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

1  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
2  involves two plaintiffs who have not had contact with this Defendant;

3      2.    Objection, the request is overly broad and remote;

4      3.    Objection, the request is oppressive, harassing and burdensome;

5      4.    Objection, the request seeks information which is protected by a right to financial
6  privacy;

7      5.    Objection, the request seeks information which is subject to trade secret
8  protection;

9      6.    Objection, the request seeks information including defendant's counsel's legal
10 analysis and theories and therefore invades the attorney's work-product privilege;

11     7.    Objection, the request seeks information which is protected from disclosure by the
12 attorney-client privilege.

13     Notwithstanding and without waving the foregoing objections, and subject thereto,
14 Defendant responds that after a diligent search and a reasonable inquiry, no documents
15 responsive to the request exist in Defendant's possession, custody or control other than copies of
16 relevant statutes which are equally available to all parties.

17 **Request for Production No. 15:**

18     All documents that set forth or explain the charges that check writers are asked to pay in
19 connection with LRS of Central California's efforts to collect dishonored checks.

20 **Response to Request for Production No. 15:**

21     1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
22 grounds that the information requested is neither relevant to the subject matter of this action nor
23 reasonably calculated to lead to the discovery of admissible evidence.  The instant action
24 involves two plaintiffs who have not had contact with this Defendant;

25     2.    Objection, the request is overly broad and remote;

26     3.    Objection, the request is oppressive, harassing and burdensome;

27     4.    Objection, the request seeks information which is protected by a right to financial
28 privacy;

-13-

**APPENDIX 1**

1  5.  Objection, the request seeks information which is subject to trade secret
2  protection;

3  6.  Objection, the request seeks information including defendant's counsel's legal
4  analysis and theories and therefore invades the attorney's work-product privilege;

5  7.  Objection, the request seeks information which is protected from disclosure by the
6  attorney-client privilege.

7  Defendant agrees to produce no documents in response to this request.

8  **Request for Production No. 16:**

9  All documents that describe or depict any LRS of Central California policy or practice
10  relating to the retention of data for accounts on which collection efforts have been completed or
11  otherwise ceased.

12  **Response to Request for Production No. 16:**

13  1.  Defendant Legal Recovery Services of Central California, Inc., objects on the
14  grounds that the information requested is neither relevant to the subject matter of this action nor
15  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
16  involves two plaintiffs who have not had contact with this Defendant;

17  2.  Objection, the request is overly broad and remote;

18  3.  Objection, the request is oppressive, harassing and burdensome;

19  4.  Objection, the request seeks information which is protected by a right to financial
20  privacy;

21  5.  Objection, the request seeks information which is subject to trade secret
22  protection;

23  6.  Objection, the request seeks information including defendant's counsel's legal
24  analysis and theories and therefore invades the attorney's work-product privilege;

25  7.  Objection, the request seeks information which is protected from disclosure by the
26  attorney-client privilege.

27  ////

28  ////

-14-

**APPENDIX 1**

1   Notwithstanding and without waving the foregoing objections, and subject thereto,
2   Defendant responds that after a diligent search and a reasonable inquiry, no documents
3   responsive to the request exist in Defendant's possession, custody or control.

4   **Request for Production No. 17:**

5   All documents that refer or relate to any practice of LRS of Central California to report
6   unpaid checks and/or additional charges to a consumer credit reporting agency.

7   **Response to Request for Production No. 17:**

8       1.      Defendant Legal Recovery Services of Central California, Inc., objects on the
9   grounds that the information requested is neither relevant to the subject matter of this action nor
10  reasonably calculated to lead to the discovery of admissible evidence.   The instant action
11  involves two plaintiffs who have not had contact with this Defendant;

12      2.      Objection, the request is overly broad and remote;

13      3.      Objection, the request is oppressive, harassing and burdensome;

14      4.      Objection, the request seeks information which is protected by a right to financial
15  privacy;

16      5.      Objection, the request seeks information which is subject to trade secret
17  protection;

18      6.      Objection, the request seeks information including defendant's counsel's legal
19  analysis and theories and therefore invades the attorney's work-product privilege;

20      7.      Objection, the request seeks information which is protected from disclosure by the
21  attorney-client privilege.

22      Defendant agrees to produce no documents in response to this request.

23  **Request for Production No. 18:**

24  All documents referring or relating to the plaintiffs, including but not limited to,
25  correspondence, notes of phone calls, and computerized data.

26  **Response to Request for Production No. 18:**

27      1.      Defendant Legal Recovery Services of Central California, Inc., objects on the
28  grounds that the information requested is neither relevant to the subject matter of this action nor

-15-

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)
**APPENDIX 1**

1  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
2  involves two plaintiffs who have not had contact with this Defendant;

3    2.    Objection, the request is overly broad and remote;

4    3.    Objection, the request is oppressive, harassing and burdensome;

5    4.    Objection, the request seeks information which is protected by a right to financial
6  privacy;

7    5.    Objection, the request seeks information which is subject to trade secret
8  protection;

9    6.    Objection, the request seeks information including defendant's counsel's legal
10  analysis and theories and therefore invades the attorney's work-product privilege;

11    7.    Objection, the request seeks information which is protected from disclosure by the
12  attorney-client privilege.

13    Notwithstanding and without waving the foregoing objections, and subject thereto,
14  Defendant responds that after a diligent search and a reasonable inquiry, no documents
15  responsive to the request exist in Defendant's possession, custody or control.

16  **Request for Production No. 19:**

17    All agreements with each merchant to whom either plaintiff wrote a dishonored check
18  that was referred to LRS of Central California.

19  **Response to Request for Production No. 19:**

20    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
21  grounds that the information requested is neither relevant to the subject matter of this action nor
22  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
23  involves two plaintiffs who have not had contact with this Defendant;

24    2.    Objection, the request is overly broad and remote;

25    3.    Objection, the request is oppressive, harassing and burdensome;

26    4.    Objection, the request seeks information which is protected by a right to financial
27  privacy;

28  ////

-16-

**APPENDIX 1**

1    5.    Objection, the request seeks information which is subject to trade secret
2    protection;

3    6.    Objection, the request seeks information including defendant's counsel's legal
4    analysis and theories and therefore invades the attorney's work-product privilege;

5    7.    Objection, the request seeks information which is protected from disclosure by the
6    attorney-client privilege.

7    Notwithstanding and without waving the foregoing objections, and subject thereto,
8    Defendant responds that after a diligent search and a reasonable inquiry, no documents
9    responsive to the request exist in Defendant's possession, custody or control.

10   **Request for Production No. 20:**

11   All operations and procedures manuals and guides for the computer application(s) that
12   LRS of Central California uses in compiling check writer and check data, and tracking collection
13   activity.

14   **Response to Request for Production No. 20:**

15   1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
16   grounds that the information requested is neither relevant to the subject matter of this action nor
17   reasonably calculated to lead to the discovery of admissible evidence.   The instant action
18   involves two plaintiffs who have not had contact with this Defendant;

19   2.    Objection, the request is overly broad and remote;

20   3.    Objection, the request is oppressive, harassing and burdensome;

21   4.    Objection, the request seeks information which is protected by a right to financial
22   privacy;

23   5.    Objection, the request seeks information which is subject to trade secret
24   protection;

25   6.    Objection, the request seeks information including defendant's counsel's legal
26   analysis and theories and therefore invades the attorney's work-product privilege;

27   7.    Objection, the request seeks information which is protected from disclosure by the
28   attorney-client privilege.

-17-

**APPENDIX 1**

1    Notwithstanding and without waving the foregoing objections, and subject thereto,
2  Defendant responds that after a diligent search and a reasonable inquiry, no documents
3  responsive to the request exist in Defendant's possession, custody or control.

4  **Request for Production No. 21:**

5    Copies of all insurance policies that potentially cover any business liability.  You may
6  exclude policies that include only automobile insurance or worker's compensation coverage.

7  **Response to Request for Production No. 21:**

8    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
9  grounds that the information requested is neither relevant to the subject matter of this action nor
10  reasonably calculated to lead to the discovery of admissible evidence.   The instant action
11  involves two plaintiffs who have not had contact with this Defendant;

12    2.    Objection, the request is overly broad and remote;

13    3.    Objection, the request is oppressive, harassing and burdensome;

14    4.    Objection, the request seeks information which is protected by a right to financial
15  privacy;

16    5.    Objection, the request seeks information which is subject to trade secret
17  protection;

18    6.    Objection, the request seeks information including defendant's counsel's legal
19  analysis and theories and therefore invades the attorney's work-product privilege;

20    7.    Objection, the request seeks information which is protected from disclosure by the
21  attorney-client privilege.

22    Defendant agrees to produce no documents in response to this request.

23  **Request for Production No. 22:**

24    All documents relating to litigation filed against any defendant alleging violations of the
25  Fair Debt Collection Practices Act or any other cause of action arising from defendant's
26  collection practices.

27  ////

28  ////

-18-

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

1 | **Response to Request for Production No. 22:**

2 |     1.     Defendant Legal Recovery Services of Central California, Inc., objects on the
3 | grounds that the information requested is neither relevant to the subject matter of this action nor
4 | reasonably calculated to lead to the discovery of admissible evidence. This request also seeks
5 | documents that are not likely to lead to the discovery of admissible evidence as delineated in the
6 | allegations of the operative complaint. (See **Powell v. Computer Credit, Inc.** (S.D. Ohio 1997)
7 | 975 F.Supp. 1034, 1039; **Dewey v. Associated Collectors, Inc. Midwest Billing Serv.** (W.D.
8 | Wisc. 1996) 927 F.Supp. 1172, 1175-76; **Byes v. Credit Bureau Enterprises, Inc.** (E.D. La.
9 | 1995) slip op., 1995 U.S. Dist. LEXIS 13559, *2.) Moreover, the instant action involves two
10 | plaintiffs who have not had contact with this Defendant;

11 |     2.     Objection, the request is overly broad and remote;

12 |     3.     Objection, the request is oppressive, harassing and burdensome;

13 |     4.     Objection, the request seeks information which is protected by a right to financial
14 | privacy;

15 |     5.     Objection, the request seeks information which is subject to trade secret
16 | protection;

17 |     6.     Objection, the request seeks information including defendant's counsel's legal
18 | analysis and theories and therefore invades the attorney's work-product privilege;

19 |     7.     Objection, the request seeks information which is protected from disclosure by the
20 | attorney-client privilege.

21 |     Notwithstanding and without waving the foregoing objections, and subject thereto,
22 | Defendant responds that after a diligent search and a reasonable inquiry, no documents
23 | responsive to the request exist in Defendant's possession, custody or control.

24 | **Request for Production No. 23:**

25 |     LRS of Central California's audited financial statement for each fiscal year from 2003 to
26 | the present.

27 | ////

28 | ////

-19-

**APPENDIX 1**

1  **Response to Request for Production No. 23:**

2      1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

3  grounds that the information requested is neither relevant to the subject matter of this action nor

4  reasonably calculated to lead to the discovery of admissible evidence.  The instant action

5  involves two plaintiffs who have not had contact with this Defendant;

6      2.    Objection, the request is overly broad and remote;

7      3.    Objection, the request is oppressive, harassing and burdensome;

8      4.    Objection, the request seeks information which is protected by a right to financial

9  privacy;

10      5.    Objection, the request seeks information which is subject to trade secret

11  protection;

12      6.    Objection, the request seeks information including defendant's counsel's legal

13  analysis and theories and therefore invades the attorney's work-product privilege;

14      7.    Objection, the request seeks information which is protected from disclosure by the

15  attorney-client privilege.

16      Notwithstanding and without waving the foregoing objections, and subject thereto,

17  Defendant responds that after a diligent search and a reasonable inquiry, no documents

18  responsive to the request exist in Defendant's possession, custody or control.

19  **Request for Production No. 24:**

20      LRS of Central California's profit and loss statement for each fiscal year from 2003 to

21  the present.

22  **Response to Request for Production No. 24:**

23      1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

24  grounds that the information requested is neither relevant to the subject matter of this action nor

25  reasonably calculated to lead to the discovery of admissible evidence.  The instant action

26  involves two plaintiffs who have not had contact with this Defendant;

27      2.    Objection, the request is overly broad and remote;

28      3.    Objection, the request is oppressive, harassing and burdensome;

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

1     4.     Objection, the request seeks information which is protected by a right to financial
2 privacy;

3     5.     Objection, the request seeks information which is subject to trade secret
4 protection;

5     6.     Objection, the request seeks information including defendant's counsel's legal
6 analysis and theories and therefore invades the attorney's work-product privilege;

7     7.     Objection, the request seeks information which is protected from disclosure by the
8 attorney-client privilege.

9     Notwithstanding and without waving the foregoing objections, and subject thereto,
10 Defendant responds that after a diligent search and a reasonable inquiry, no documents
11 responsive to the request exist in Defendant's possession, custody or control.

12 **Request for Production No. 25:**

13     All income tax returns for any defendant for the past three years.

14 **Response to Request for Production No. 25:**

15     1.     Defendant Legal Recovery Services of Central California, Inc., objects on the
16 grounds that the information requested is neither relevant to the subject matter of this action nor
17 reasonably calculated to lead to the discovery of admissible evidence. The instant action
18 involves two plaintiffs who have not had contact with this Defendant;

19     2.     Objection, the request is overly broad and remote;

20     3.     Objection, the request is oppressive, harassing and burdensome;

21     4.     Objection, the request seeks information which is protected by a right to financial
22 privacy;

23     5.     Objection, the request seeks information which is subject to trade secret
24 protection;

25     6.     Objection, the request seeks information including defendant's counsel's legal
26 analysis and theories and therefore invades the attorney's work-product privilege;

27     7.     Objection, the request seeks information which is protected from disclosure by the
28 attorney-client privilege.

-21-

**APPENDIX 1**

1    8.    Objection, the request violates the tax return privilege.

2    Defendant agrees to produce no documents in response to this request.

3    **Request for Production No. 26:**

4    All bank account statements for accounts into which LRS of Central California deposits

5    payments received from check writers.

6    **Response to Request for Production No. 26:**

7    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

8    grounds that the information requested is neither relevant to the subject matter of this action nor

9    reasonably calculated to lead to the discovery of admissible evidence.   The instant action

10   involves two plaintiffs who have not had contact with this Defendant;

11   2.    Objection, the request is overly broad and remote;

12   3.    Objection, the request is oppressive, harassing and burdensome;

13   4.    Objection, the request seeks information which is protected by a right to financial

14   privacy;

15   5.    Objection, the request seeks information which is subject to trade secret

16   protection;

17   6.    Objection, the request seeks information including defendant's counsel's legal

18   analysis and theories and therefore invades the attorney's work-product privilege;

19   7.    Objection, the request seeks information which is protected from disclosure by the

20   attorney-client privilege.

21   Defendant agrees to produce no documents in response to this request.

22   **Request for Production No. 27:**

23   All documents showing payments to or from, any other defendant herein, including, but

24   not limited to invoices, receipts, and checks.

25   **Response to Request for Production No. 27:**

26   1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

27   grounds that the information requested is neither relevant to the subject matter of this action nor

28   reasonably calculated to lead to the discovery of admissible evidence.   The instant action

-22-

**APPENDIX 1**

1 | involves two plaintiffs who have not had contact with this Defendant;

2 |     2.    Objection, the request is overly broad and remote;

3 |     3.    Objection, the request is oppressive, harassing and burdensome;

4 |     4.    Objection, the request seeks information which is protected by a right to financial

5 | privacy;

6 |     5.    Objection, the request seeks information which is subject to trade secret

7 | protection;

8 |     6.    Objection, the request seeks information including defendant's counsel's legal

9 | analysis and theories and therefore invades the attorney's work-product privilege;

10 |     7.    Objection, the request seeks information which is protected from disclosure by the

11 | attorney-client privilege.

12 |     Defendant agrees to produce no documents in response to this request.

13 | DATED: November *14*, 2005

CLIFFORD & BROWN

By _____

T. MARK SMITH
Attorney for Defendant
Legal Recovery Services of
Central California

-23-

Defendant Legal Recovery Services of Central California's Response to Request for Production (Set No. One)

**APPENDIX 1**

1    **PROOF OF SERVICE (C.C.P. §1013a, 2015.5)**
     *Richard Carrizosa; Mary Peas v. Paul R. Stassinos, et al.*
2    (USDC, Northern Division Case No. 05-02280 PVT)

3        I am employed in the County of Kern, State of California.  I
     am over the age of 18 and not a party to the within action; my
4    business address is 1430 Truxtun Avenue, Bakersfield, CA 93301.

5        On November 14, 2005, I served the foregoing document(s)

6    entitled:

7              **DEFENDANT LEGAL RECOVERY SERVICES OF
            CENTRAL CALIFORNIA'S RESPONSE TO PLAINTIFF
8               RICHARD CARRIZOSA'S REQUEST FOR
                    PRODUCTION OF DOCUMENTS**
9
            ___          by placing the true copies thereof enclosed
10                       in sealed envelopes addressed as stated on
                         the attached mailing list.
11
            X            by placing ___ the original, _X_ a true copy
12                       thereof, enclosed in a sealed envelope
                         addressed as follows:
13
          **PLEASE SEE PROOF OF SERVICE LIST BELOW**
14
          X        **BY MAIL**
15
                         ___          I deposited such envelope in the mail at
16                                    Bakersfield, California, with postage thereon
                                      fully prepaid.
17
                         X            I am "readily familiar" with this firm's
18                                    practice of collection and processing
                                      correspondence for mailing.  Under that
19                                    practice it would be deposited with the U.S.
                                      Postal Service on that same day with postage
20                                    thereon fully prepaid at Bakersfield,
                                      California in the ordinary course of
21                                    business.  The above sealed envelopes were
                                      placed for collection and mailing on the
22                                    above date following ordinary business
                                      practice.
23
          ___      **VIA FACSIMILE**
24
          ___      **BY EXPRESS MAIL**
25               I deposited such envelopes in a facility regularly
                 maintained by the U.S. Postal Service for receipt of
26               Express Mail, as specified in C.C.P. §1013(c), with
                 Express Mail postage prepaid.

                                    1

                              **APPENDIX 1**

1    ____    **BY OVERNIGHT DELIVERY** (other than Express Mail)
             I deposited such envelopes in an envelope or package
2            designated by the express service carrier with delivery
             fees paid or provided;
3
             ____    and deposited such envelope or package in a
4                    facility regularly maintained by the express
                     service carrier.
5
             ____    delivered such envelope or package to an
6                    authorized courier or driver authorized by
                     the express service carrier to receive
7                    documents.

8    ____    **BY PERSONAL SERVICE**
             I caused such envelope to be hand delivered to the
9            offices of the addressee(s).

10      Executed on November 14, 2005, at Bakersfield, California.

11   ____    (State)    I declare under penalty of perjury under the
                        laws of the State of California that the
12                      above is true and correct.

13   XX      (Federal)  I declare that I am employed in the office of
                        a member of the Bar of this Court at whose
14                      direction the service was made.

15

16                              _Briana Powers_
                                 BRIANA POWERS
17

18                       **PROOF OF SERVICE LIST**

19   Paul Arons, Esq.
     LAW OFFICE OF PAUL ARONS
20   685 Spring Street, #104
     Friday Harbor, WA 98250
21   360-378-6496
     360-378-6498 fax
22
     Ronald Wilcox
23   LAW OFFICE OF RONALD WILCOX
     2160 The Alameda, 1st Floor, Suite F
24   San Jose, CA 95126
     408-296-0400
25   408-296-0486 fax

26

                                  2

**APPENDIX 1**

Frederick Schwinn
Consumer Law Center
12 South 1st Street, #416
San Jose, CA 95113-2404
408-294-6100
408-294-6190 fax

O. Randolp Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
312-372-3822
312-372-1673 fax

June D. Coleman
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
916-565-0300
916-565-1636 fax

Valentina Doss
Law Offices of Doss & Terrill
2880 Sunrise Boulevard
Suite 200
Rancho Cordova, CA 95742
916-631-1662
916-631-1672 fax

Scott L. Harper
BROWN, HALL, et al.
The Fountains,
3031 West March Lane,
Suite 230 West
Stockton, CA 95219
209-477-7655
209-499-2549 fax

3

**APPENDIX 1**

1  T. MARK SMITH, ESQ., State Bar No. 162370
   CLIFFORD & BROWN
2  A Professional Corporation
   Attorneys at Law
3  1430 Truxtun Avenue, Suite 900
   Bakersfield, CA 93301-5230
4  (661) 322-6023
   (661) 322-3508 - Fax
5
   Attorney for Legal Recovery Services of Central California, Inc.
6

7              UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVSION

10

11  RICHARD L. CARRIZOSA, and MARY      )   Case No.: C05 02280 RMW
    PEA, on behalf of themselves and other  )
12  similarly situated,                 )      DEFENDANT LEGAL RECOVERY
                                        )         SERVICES OF CENTRAL
13            Plaintiffs,               )       CALIFORNIA'S RESPONSE TO
                                        )   PLAINTIFF RICHARD CARRIZOSA'S
14                                      )          INTERROGATORIES
15         vs.                          )
                                        )
16  PAUL R. STASSINOS, an individual, ALAN )       SET NO. ONE
    MECHAM, an individual, LEGAL         )
17  RECOVERY SERVICES, INC., a California )
    corporation, LEGAL RECOVERY          )
18  SERVICES OF CENTRAL CALIFORNIA,      )
    INC., a California corporation, CENTRAL )
19  VALLEY LEGAL RECOVERY SERVICES, )
20  INC., a California corporation, and DOES 1 )
    through 20, inclusive,               )
21                                      )
22         Defendants                   )

23

24

25  PROPOUNDING PARTY    :    Plaintiff, RICHARD CARRIZOSA

26  RESPONDING PARTY     :    Defendant,  LEGAL  RECOVERY  SERVICES  OF

27                            CENTRAL CALIFORNIA

28  SET NO.              :    ONE

                                -1-
                Defendant's Response to Interrogatories, Set No. One

**APPENDIX 2**

1    Comes now defendant, LEGAL RECOVERY SERVICES OF CENTRAL
2   CALIFORNIA, and responds to plaintiff, RICHARD CARRIZOSA, Interrogatories (Set No.
3   One) as follows:

### PRELIMINARY STATEMENT

5    1.    Defendant has not yet fully completed investigation of the circumstances and
6   facts relating to, has not yet completed discovery in, and has not completed preparation for trial
7   of this action. It is anticipated that further discovery, independent investigation and analysis
8   shall supply additional documents, evidence, and information. Defendant's responses to
9   plaintiff's Special Interrogatories are based only on such documents, evidence, and information
10   which are presently available and specifically known to defendant, and are given without
11   prejudice to defendant's right to produce subsequently discovered documents, evidence, or
12   information at the time of trial or at the hearing of a motion. Furthermore, defendant reserves the
13   right to produce evidence and information of any subsequently discovered facts which it may
14   later recall or discover.

15    2.    Nothing set forth herein by defendant is intended, or shall be construed, as a
16   waiver of any objection it may assert under the Federal Rules of Civil Procedure, which would
17   require the exclusion of any answer at the time of trial or at the hearing of a Motion. Also, such
18   objections are expressly reserved and may be made at such later time.

19    3.    Subject to the claims of attorney/client privilege, the attorney work-product
20   doctrine, or other privileges and the objections set forth herein, defendant responds to plaintiff's
21   Special Interrogatories.

22    4.    This "Preliminary Statement" is incorporated into each of the following specific
23   responses of defendant to plaintiff's Form Interrogatories.

24                         **RESPONSES TO INTERROGATORIES**

25   **INTERROGATORY NO. 1:**

26   **REQUEST:**

27    State the name, address, title, and job description of each owner, officer, director, and/or
28   partner of LRS of Central California, and the dates during which each person has held such position.

**APPENDIX 2**

1    **RESPONSE:**

2         Defendant objects on the grounds that the request calls for information which is neither

3    relevant nor calculated to lead to the discovery of admissible evidence as this action involves two

4    named plaintiffs with whom defendant had no involvement in collection activities. Defendant also

5    objects on the grounds that the request is overbroad and invades the financial privacy of defendant

6    and third parties. Notwithstanding and without waiving the foregoing objections, Defendant

7    responds as follows:

8         Brenda Meadows, President and Chief Financial Officer, oversees the day-to-day operations

9    of the corporation including administrative and personnel functions; Colleen Meadows, Vice-

10   President and Secretary, performs only administrative functions. Both officers have served from the

11   corporation's formation to the present.

12   **INTERROGATORY NO. 2:**

13       **REQUEST:**

14       Identify by name, last known address and phone number, job titles and job duties, all of

15   LRS of Central California's current and past employees, for the period of June 7, 2001 to the

16   present.

17       **RESPONSE:**

18       Defendant objects on the grounds that this interrogatory calls for information which is

19   neither relevant nor calculated to lead to the discovery of admissible evidence. Defendant also

20   objects on the grounds that the request is overbroad and unduly burdensome. Defendant also

21   objects on the grounds that the information called for by the interrogatory is protected by the

22   privacy interests of third parties.

23   **INTERROGATORY NO. 5:**

24       **REQUEST:**

25       Identify every person who participated in any way in implementing, approving and/or

26   adopting the policies and procedures used at LRS of Central California for collecting dishonored

27   checks and explain each person's participation.

28   ////

-3-
Defendant's Response to Interrogatories, Set No. One

**APPENDIX 2**

1    **RESPONSE:**

2          Defendant objects on the grounds that the interrogatory is compound. Additionally, this
3    interrogatory is overly broad as to time and scope. In addition, this interrogatory appears to seek
4    information that is neither relevant nor calculated to lead to the discovery of admissible
5    evidence. Furthermore, this request seeks information not likely to lead to the discovery of
6    admissible evidence given the current posture of the case – as the only relevant payments involve
7    plaintiffs. Responding party has had no contact with plaintiffs. Notwithstanding and without
8    waiving the foregoing objections, defendant responds as follows:

9          There are no policies or procedures that relate in any way to plaintiffs as responding party
10   did not contact or otherwise conduct any collection activity against plaintiffs. However, Paul
11   Stassinos sets forth policies and procedures and supervises the implementation of those policies
12   and procedures performed by responding party's employees.

13   **INTERROGATORY NO. 6:**

14        **REQUEST:**

15        Identify, by code name or number, each form letter that LRS of Central California uses in
16   its communications with check writers, and for each letter identified, specify, on a monthly basis,
17   how many form letters were sent out.

18        **RESPONSE:**

19        Defendant objects on the grounds that this interrogatory calls for information which is
20   neither relevant nor calculated to lead to the discovery of admissible evidence in that this action
21   involves two named plaintiffs with whom responding party has not been involved in collection
22   activity. Defendant also objects on the grounds that the request is overly broad and unduly
23   burdensome. Defendant also objects on the grounds that the information called for by the
24   interrogatory is protected by the privacy interests of this defendant and of third parties.

25   **INTERROGATORY NO. 7:**

26   **REQUEST:**

27        Set forth on a monthly basis the number of dishonored checks referred for collection.

28   ////

-4-
Defendant's Response to Interrogatories, Set No. One

**APPENDIX 2**

1     **RESPONSE:**

2         Defendant objects on the grounds that this interrogatory calls for information which is
3 neither relevant nor calculated to lead to the discovery of admissible evidence as this action
4 involves two named plaintiffs with whom this defendant had no involvement in collection
5 activities. Defendant also objects on the grounds that the request is overly broad and unduly
6 burdensome. Defendant also objects on the grounds that the information called for by the
7 interrogatory is protected by the privacy interests of this defendant and third parties. Defendant
8 also objects on the grounds that the request seeks information which constitutes protected trade
9 secrets and invades confidential and proprietary business information.

10    **INTERROGATORY NO. 14:**

11     **REQUEST:**

12        For each year since 2001, set forth the total interest charges paid to any defendant by
13 check writers and the total number of such class members who have paid these charges. Exclude
14 interest that was awarded in a lawsuit judgment.

15     **RESPONSE:**

16        Defendant objects on the grounds that this interrogatory calls for information which is
17 neither relevant nor calculated to lead to the discovery of admissible evidence as this action
18 involves two named plaintiffs with whom this defendant had no collection activity. Defendant
19 also objects on the grounds that the request is overly broad and unduly burdensome. Defendant
20 also objects on the grounds that the information called for by the interrogatory is protected by the
21 privacy interests of this defendant and third parties. Defendant also objects on the grounds that
22 the request seeks information which constitutes protected trade secrets and invades confidential
23 and proprietary business information.

24    **INTERROGATORY NO. 15:**

25     **REQUEST:**

26        Fully explain LRS of Central California's procedures for collecting dishonored checks,
27 including in your explanation, how LRS of Central California receives dishonored checks and
28 information, the selection and timing of form letters that LRS of Central California sends to

**APPENDIX 2**

1   check writers and merchants, the timing and substance of the phone calls that LRS of Central

2   California makes to check writers, the receipt and disbursement of payments made by check

3   writers, and the termination of collection efforts.

4   **RESPONSE:**

5   Responding party objects on the grounds that this request is compound. This request is

6   overly broad in time and scope. This request is also vague, ambiguous, and lacks foundation.

7   Because of these ambiguities, this interrogatory appears to seek information that is neither

8   relevant nor calculated to lead to the discovery of admissible evidence. Additionally, this request

9   seeks information not likely to lead to the discovery of admissible evidence in light of the current

10  posture of the case. The only relevant information would be that related to Richard L. Carrizosa

11  and Mary Pea, and responding party had no contact or involvement in any collection activities

12  plaintiffs. This request also seeks the disclosure of confidential trade secrets contained within the

13  documents which, if disclosed, would negatively impact the financial status of responding party.

14  Notwithstanding these objections, and without waiving these objections, responding party

15  responds as follows:

16  Responding party has an attorney-client relationship with attorney Paul Stassinos and

17  implements procedures established by Mr. Stassinos. Those procedures include data input of

18  check information, the processing of correspondence to debtors, which includes stuffing of

19  envelopes and affixing of postage related to correspondence Mr. Stassinos has directed to be

20  sent. The data is obtained from the dishonored checks that Mr. Stassinos reviews. The selection

21  and timing of such correspondence is directed by Mr. Stassinos. The substance of oral

22  communications is directed by Mr. Stassinos. Pursuant to the direction of Mr. Stassinos,

23  telephone calls are made after initial correspondence is sent. Payments are received from check

24  writers, which Mr. Stassinos has directed that responding party deposit in his trust account.

25  Responding party does not disburse monies received from check writers. Mr. Stassinos makes

26  the decision to terminate collection efforts on a collection matter.

27  ////

28  ////

-6-
Defendant's Response to Interrogatories, Set No. One

**APPENDIX 2**

1 **INTERROGATORY NO. 21:**

2 **REQUEST:**

3      Identify by bank, address, account name, authorized depositors, authorized signatories,
4 and account number, all bank accounts into which payments sent by check writers are deposited.

5      **RESPONSE:**

6      Defendant objects on the grounds that this interrogatory calls for information which is
7 neither relevant nor calculated to lead to the discovery of admissible evidence. Defendant also
8 objects on the grounds that the request is overly broad and unduly burdensome. Defendant also
9 objects on the grounds that the information called for by the interrogatory is protected by the
10 privacy interest of third parties. Defendant also objects on the grounds that the request seeks
11 information which constitutes protected trade secrets and invades confidential and proprietary
12 business information.

13 **INTERROGATORY NO. 22:**

14 **REQUEST:**

15      Describe in detail your relationship with each of the other defendants in this lawsuit,
16 including, but not limiting, all support and consulting services provided, the division of income
17 and expenses, and all regular business communications.

18      **RESPONSE:**

19      Defendant objects on the grounds that the request is compound. Also, this request seeks
20 information that is neither relevant nor calculated to lead to the discovery of admissible
21 evidence, given the procedural posture of this case as being brought by two individuals.
22 Moreover, this request seeks the disclosure of confidential trade secrets contained within the
23 documents which, if disclosed, would negatively impact the financial status of responding party.
24 The request seeks attorney-client privileged and work product protected information. This
25 interrogatory also appears to seek a legal conclusion. Notwithstanding these objections, and
26 without waiving these objections, responding party states:

27      Responding party has an attorney-client relationship with Mr. Stassinos. Responding
28 party has no relationship with Mr. Mccham or Central Valley Legal Recovery Services, Inc.

**APPENDIX 2**

1    Responding party purchased its business from Legal Recovery Services, Inc., and pursuant to the
2    purchase agreement, responding party makes a monthly payment to Legal Recovery Services,
3    Inc. Pursuant to the purchase agreement, Legal Recovery Services, Inc. is to provide technical
4    support associated with the computer software. In accordance with the purchase agreement,
5    responding party is an independent and separate entity which does not commingle or share
6    income or expenses, or provide each other with consulting services.

7    **INTERROGATORY NO. 25:**

8    **REQUEST:**

9        Describe by date, place, participants and matters discussed, all communications between
10    July 27, 2004 and April 14, 2005, in which any other defendant herein was present, where the
11    fact that Paul Stassinos was a defendant in a lawsuit was mentioned or discussed.

12     **RESPONSE:**

13       Defendant objects on the grounds that this discovery request seeks attorney-client
14    communications and attorney work product protected information. This request is also vague and
15    ambiguous as to "communications." Furthermore, this request seeks information not likely to
16    lead to the discovery of admissible evidence given the current posture of the case, as the only
17    relevant communication involves this lawsuit involving plaintiffs Richard L. Carrizosa and Mary
18    Pea.

19       Notwithstanding and without waiving these objections, responding party responds as
20    follows: On various occasions, Brenda Meadows spoke with Mr. Stassinos, although she has no
21    recollection of the dates of such conversations. These conversations could have been by
22    telephone or in person, but in either case, Ms. Meadows was located at the office of responding
23    party. Ms. Meadows also spoke with Mr. Al Mecham and Mr. Adam Perry, wherein it was
24    mentioned that Paul Stassinos was involved in a lawsuit.

25    DATED:     November 23, 2005           CLIFFORD & BROWN

26

27                                  By _____
                                      T. MARK SMITH
28                                      Attorneys for Defendant Legal Recovery
                                     Services of Central California

**APPENDIX 2**

## VERIFICATION

I, BRENDA MEADOWS, declare:

I am employed as the President of Legal Recovery Services of Central Califomia, a party to this action. I am authorized to make this Verification for and on behalf of Legal Recovery Services of Central California, a party to this action, and I make this Verification for that reason. I have read the foregoing document and know its content. I am informed and believe, and on that ground allege, that the matters stated in **Defendant Legal Recovery Services of Central California's Response to Plaintiff Richard Carrizosa's Interrogatories, Set No. One** are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed November 22, 2005, at Bakersfield, California.

BRENDA MEADOWS

# APPENDIX 2

1

2

**PROOF OF SERVICE (C.C.P. §1013a, 2015.5)**
*Richard Carrizosa; Mary Peas v. Paul R. Stassinos, et al.*
(USDC, Northern Division Case No. 05-02280 PVT)

3

4

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1430 Truxtun Avenue, Bakersfield, CA 93301.

5

On November 23, 2005, I served the foregoing document(s)

6

entitled:

7

8

9

**DEFENDANT LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA'S RESPONSE TO PLAINTIFF RICHARD CARRIZOSA'S INTERROGATORIES, SET NO. ONE**

10

____ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

11

12

13

__X__ by placing ___ the original, _X_ a true copy thereof, enclosed in a sealed envelope addressed as follows:

**PLEASE SEE PROOF OF SERVICE LIST BELOW**

14

15

__X__   **BY MAIL**

16

____   I deposited such envelope in the mail at Bakersfield, California, with postage thereon fully prepaid.

17

18

19

20

21

22

23

__X__   I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

24

____   **VIA FACSIMILE**

25

26

____   **BY EXPRESS MAIL**
I deposited such envelopes in a facility regularly maintained by the U.S. Postal Service for receipt of Express Mail, as specified in C.C.P. §1013(c), with Express Mail postage prepaid.

1

**APPENDIX 2**

1    __X__    **BY OVERNIGHT DELIVERY** (other than Express Mail)
     I deposited such envelopes in an envelope or package
2      designated by the express service carrier with delivery
     fees paid or provided;
3

     __X__    and deposited such envelope or package in a
4                facility regularly maintained by the express
               service carrier.
5

     ____    delivered such envelope or package to an
6                authorized courier or driver authorized by
               the express service carrier to receive
7                documents.

8    ____    **BY PERSONAL SERVICE**
     I caused such envelope to be hand delivered to the
9      offices of the addressee(s).

10      Executed on November 23, 2005, at Bakersfield, California.

11    ____    (State)    I declare under penalty of perjury under the
               laws of the State of California that the
12                above is true and correct.

13    __XX__    (Federal)    I declare that I am employed in the office of
               a member of the Bar of this Court at whose
14                direction the service was made.

15

16                              _Briana Powers_
                                 BRIANA POWERS
17

18                      **PROOF OF SERVICE LIST**

19    **VIA CALIFORNIA OVERNIGHT**
     Paul Arons, Esq.
20    LAW OFFICE OF PAUL ARONS
     685 Spring Street, #104
21    Friday Harbor, WA 98250
     360-378-6496
22    360-378-6498 fax

23    **VIA U.S. MAIL**
     Ronald Wilcox
24    LAW OFFICE OF RONALD WILCOX
     2160 The Alameda, 1st Floor, Suite F
25    San Jose, CA 95126
     408-296-0400
26    408-296-0486 fax

2

**APPENDIX 2**

1

Frederick Schwinn
Consumer Law Center

2

12 South 1st Street, #416
San Jose, CA 95113-2404

3

408-294-6100
408-294-6190 fax

4

O. Randolp Bragg

5

HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900

6

Chicago, IL 60602
312-372-3822

7

312-372-1673 fax

8

June D. Coleman
MURPHY, PEARSON, BRADLEY & FEENEY

9

701 University Avenue, Suite 150
Sacramento, CA 95825

10

916-565-0300
916-565-1636 fax

11

Valentina Doss

12

Law Offices of Doss & Terrill
2880 Sunrise Boulevard

13

Suite 200
Rancho Cordova, CA 95742

14

916-631-1662
916-631-1672 fax

15

16

17

18

19

20

21

22

23

24

25

26

3

# APPENDIX 2

1  T. MARK SMITH, ESQ., State Bar No. 162370
   CLIFFORD & BROWN
2  A Professional Corporation
   Attorneys at Law
3  1430 Truxtun Avenue, Suite 900
   Bakersfield, CA 93301-5230
4  (661) 322-6023
   (661) 322-3508 - Fax
5
   Attorney for Legal Recovery Services of Central California, Inc.
6

7                  UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVSION

10

11 RICHARD L. CARRIZOSA, and MARY) Case No.: C05 02280 RMW
   PEA, on behalf of themselves and other)
12 similarly situated,                  )     **DEFENDANT LEGAL RECOVERY**
                                         )        **SERVICES OF CENTRAL**
13                                       )      **CALIFORNIA'S SUPPLMENTAL**
                  Plaintiffs,            )    **RESPONSE TO PLAINTIFF RICHARD**
14                                       )      **CARRIZOSA'S REQUEST FOR**
15        vs.                            )        **PRODUCTION OF DOCUMENTS**
                                         )
16 PAUL R. STASSINOS, an individual, ALAN)
   MECHAM,   an   individual,   LEGAL)
17 RECOVERY SERVICES, INC., a California)
   corporation,   LEGAL   RECOVERY)
18 SERVICES OF CENTRAL CALIFORNIA,)
   INC., a California corporation, CENTRAL)
19 VALLEY LEGAL RECOVERY SERVICES,)
20 INC., a California corporation, and DOES 1)
   through 20, inclusive,               )
21                                       )
22            Defendants                 )

23 PROPOUNDING PARTY:   Plaintiff, RICHARD CARRIZOSA

24 RESPONDING PARTY:    Defendant, LEGAL RECOVERY SERVICES OF CENTRAL
25
                        CALIFORNIA
26
27 SET NUMBER:          One - SUPPLEMENTAL

28 ////

                                    -1-

            Defendant's Supplemental Response to Request for Production (Set No. One)
                            **APPENDIX 3**

Comes now defendant, Legal Recovery Services of Central California, and responds to plaintiff, Richard Carrizosa, Request for Production of Documents (Set No. One) pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

PRELIMINARY STATEMENT

1.      Defendant has not yet fully completed investigation of the circumstances and facts relating to, has not yet completed discovery in, and has not completed preparation for trial of this action.  It is anticipated that further discovery, independent investigation and analysis shall supply additional documents, evidence, and information.  Defendant's responses to plaintiff's Demand for Production of Documents are based only on such documents, evidence, and information which are presently available and specifically known to defendant, and are given without prejudice to defendant's right to produce subsequently discovered documents, evidence, or information at the time of trial or at the hearing of a motion.  Furthermore, defendant reserves the right to produce documents, evidence, and information of any subsequently discovered facts which it may later recall or discover.

2.      Nothing set forth herein by defendant is intended, or shall be construed, as a waiver of any objection it may assert under the Federal Rules of Civil Procedure, which would require the exclusion of any answer at the time of trial or at the hearing of a Motion.  Also, such objections are expressly reserved and may be made at such later time.

3.      Subject to the claims of attorney/client privilege, the attorney work-product doctrine, or other privileges and the objections set forth herein, defendant responds to plaintiff's Demand for Production of Documents.

4.      This "Preliminary Statement" is incorporated into each of the following specific responses of defendant to plaintiff's Demand for Production of Documents.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**Request for Production No. 3:**

All minute books, stock record books, articles of incorporation and other books and records showing the organization, operation, and ownership of LRS of Central California.

////

-2-

**APPENDIX 3**

1 **Response to Request for Production No. 3:**

2      1.     Defendant Legal Recovery Services of Central California, Inc., objects on the

3 grounds that the information requested is neither relevant to the subject matter of this action nor

4 reasonably calculated to lead to the discovery of admissible evidence.   The instant action

5 involves two plaintiffs who have not had contact with this Defendant;

6      2.     Objection, the request is overly broad and remote;

7      3.     Objection, the request is oppressive, harassing and burdensome;

8      4.     Objection, the request seeks information which is protected by a right to financial

9 privacy;

10      5.     Objection, the request seeks information which is subject to trade secret

11 protection;

12      6.     Objection, the request seeks information including defendant's counsel's legal

13 analysis and theories and therefore invades the attorney's work-product privilege;

14      7.     Objection, the request seeks information which is protected from disclosure by the

15 attorney-client privilege.

16      Notwithstanding and without waving the foregoing objections, and subject thereto,

17 Defendant responds that it will produce its articles of incorporation and bylaws at a mutually

18 convenient time and location.

19 **Supplemental Response to Request for Production No. 3:**

20      1.     Defendant Legal Recovery Services of Central California, Inc., objects on the

21 grounds that the information requested is neither relevant to the subject matter of this action nor

22 reasonably calculated to lead to the discovery of admissible evidence.   The instant action

23 involves two plaintiffs who have not had contact with this Defendant;

24      2.     Objection, the request is overly broad and remote;

25      3.     Objection, the request is oppressive, harassing and burdensome;

26      4.     Objection, the request seeks information which is protected by a right to financial

27 privacy;

28

**APPENDIX 3**

1      Notwithstanding and without waving the foregoing objections, and subject thereto,

2 Defendant responds that it produces herewith a copy of its book of corporate minutes.

3 **Request for Production No. 4:**

4      All agreements between any of the defendants, in effect at any time during the relevant

5 time period related to the business of collecting dishonored checks.

6 **Response to Request for Production No. 4:**

7    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

8 grounds that the information requested is neither relevant to the subject matter of this action nor

9 reasonably calculated to lead to the discovery of admissible evidence. The instant action

10 involves two plaintiffs who have not had contact with this Defendant;

11    2.    Objection, the request is overly broad and remote;

12    3.    Objection, the request is oppressive, harassing and burdensome;

13    4.    Objection, the request seeks information which is protected by a right to financial

14 privacy;

15    5.    Objection, the request seeks information which is subject to trade secret

16 protection;

17    6.    Objection, the request seeks information including defendant's counsel's legal

18 analysis and theories and therefore invades the attorney's work-product privilege;

19    7.    Objection, the request seeks information which is protected from disclosure by the

20 attorney-client privilege.

21 Defendant agrees to produce no documents in response to this request.

22 **Supplemental Response to Request for Production No. 4:**

23    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the

24 grounds that the information requested is neither relevant to the subject matter of this action nor

25 reasonably calculated to lead to the discovery of admissible evidence. The instant action

26 involves two plaintiffs who have not had contact with this Defendant;

27    2.    Objection, the request is overly broad and remote;

28    3.    Objection, the request is oppressive, harassing and burdensome;

**APPENDIX 3**

1      4.      Objection, the request seeks information which is protected by a right to financial
2  privacy;

3      5.      Objection, the request seeks information including defendant's counsel's legal
4  analysis and theories and therefore invades the attorney's work-product privilege;

5      6.      Objection, the request seeks information which is protected from disclosure by the
6  attorney-client privilege.

7      Notwithstanding and without waving the foregoing objections, and subject thereto,
8  Defendant responds that it produces herewith copies of all responsive documents in redacted
9  form.

10  **Request for Production No. 6:**

11      An example of each form letter that LRS of Central California uses in its communications
12  with check writers and with merchants.

13  **Response to Request for Production No. 6:**

14      1.      Defendant Legal Recovery Services of Central California, Inc., objects on the
15  grounds that the information requested is neither relevant to the subject matter of this action nor
16  reasonably calculated to lead to the discovery of admissible evidence.   The instant action
17  involves two plaintiffs who have not had contact with this Defendant;

18      2.      Objection, the request is overly broad and remote;

19      3.      Objection, the request is oppressive, harassing and burdensome;

20      4.      Objection, the request seeks information which is protected by a right to financial
21  privacy;

22      5.      Objection, the request seeks information which is subject to trade secret
23  protection;

24      6.      Objection, the request seeks information including defendant's counsel's legal
25  analysis and theories and therefore invades the attorney's work-product privilege;

26      7.      Objection, the request seeks information which is protected from disclosure by the
27  attorney-client privilege.

28      Defendant agrees to produce no documents in response to this request.

**APPENDIX 3**

**Supplemental Response to Request for Production No. 6:**

1.     Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  The instant action involves two plaintiffs who have not had contact with this Defendant;

2.     Objection, the request is overly broad and remote;

Notwithstanding and without waving the foregoing objections, and subject thereto, Defendant responds that it produces herewith copies of form letters that LRS of Central California uses in its communications with check writers.

**Request for Production No. 8:**

All summaries or periodic reports that quantify LRS of Central California's activity in collecting checks, such as summaries of the number of checks submitted to LRS of Central California for collection, the number and type of letters that LRS of Central California has mailed to check writers, the amount of money that LRS of Central California has recovered in collecting checks, the division of collection proceeds between defendants, and similar information. This includes, but is not limited to, summaries and reports generated for LRS of Central California's internal use, and reports generated for any other purpose.

**Response to Request for Production No. 8:**

1.     Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  The instant action involves two plaintiffs who have not had contact with this Defendant;

2.     Objection, the request is overly broad and remote;

3.     Objection, the request is oppressive, harassing and burdensome;

4.     Objection, the request seeks information which is protected by a right to financial privacy;

5.     Objection, the request seeks information which is subject to trade secret protection;

-6-

**APPENDIX 3**

6.      Objection, the request seeks information including defendant's counsel's legal analysis and theories and therefore invades the attorney's work-product privilege;

7.      Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Defendant agrees to produce no documents in response to this request.

**Supplemental Response to Request for Production No. 8:**

1.      Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.      Objection, the request is overly broad and remote;

3.      Objection, the request is oppressive, harassing and burdensome;

4.      Objection, the request seeks information which is protected by a right to financial privacy;

5.      Objection, the request seeks information which is subject to trade secret protection;

6.      Objection, the request seeks information including defendant's counsel's legal analysis and theories and therefore invades the attorney's work-product privilege;

7.      Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Notwithstanding and without waving the foregoing objections, and subject thereto, Defendant references its response to Request Nos. 4 and 6 above.

**Request for Production No. 9:**

All documents containing information related to LRS of Central California's collection efforts on individual accounts, including records identifying check writers, check amounts, check dates and payees, payment demands made by LRS of Central California, payments received by LRS of Central California, and LRS of Central California's distribution of payments received.

**Response to Request for Production No. 9:**

-7-

**APPENDIX 3**

1    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
2  grounds that the information requested is neither relevant to the subject matter of this action nor
3  reasonably calculated to lead to the discovery of admissible evidence.   The instant action
4  involves two plaintiffs who have not had contact with this Defendant;

5    2.    Objection, the request is overly broad and remote;

6    3.    Objection, the request is oppressive, harassing and burdensome;

7    4.    Objection, the request seeks information which is protected by a right to financial
8  privacy;

9    5.    Objection, the request seeks information which is subject to trade secret
10  protection;

11    6.    Objection, the request seeks information including defendant's counsel's legal
12  analysis and theories and therefore invades the attorney's work-product privilege;

13    7.    Objection, the request seeks information which is protected from disclosure by the
14  attorney-client privilege.

15    Defendant agrees to produce no documents in response to this request.

16  **Supplemental Response to Request for Production No. 9:**

17    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
18  grounds that the information requested is neither relevant to the subject matter of this action nor
19  reasonably calculated to lead to the discovery of admissible evidence.   The instant action
20  involves two plaintiffs who have not had contact with this Defendant;

21    2.    Objection, the request is overly broad and remote;

22    3.    Objection, the request is oppressive, harassing and burdensome;

23    4.    Objection, the request seeks information which is protected by a right to financial
24  privacy;

25    5.    Objection, the request seeks information which is subject to trade secret
26  protection;

27    6.    Objection, the request seeks information including defendant's counsel's legal
28  analysis and theories and therefore invades the attorney's work-product privilege;

-8-

1    7.    Objection, the request seeks information which is protected from disclosure by the
2    attorney-client privilege.

3        Notwithstanding and without waving the foregoing objections, and subject thereto,
4    Defendant responds that it will provide a privilege log of documents withheld under separate
5    cover.

6    **Request for Production No. 10:**

7        All documents that describe or explain any codes, abbreviations or phrases that LRS of
8    Central California uses in the computerized records, summaries and reports of its collection
9    activity.

10   **Response to Request for Production No. 10:**

11   1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
12   grounds that the information requested is neither relevant to the subject matter of this action nor
13   reasonably calculated to lead to the discovery of admissible evidence.   The instant action
14   involves two plaintiffs who have not had contact with this Defendant;

15   2.    Objection, the request is overly broad and remote;

16   3.    Objection, the request is oppressive, harassing and burdensome;

17   4.    Objection, the request seeks information which is protected by a right to financial
18   privacy;

19   5.    Objection, the request seeks information which is subject to trade secret
20   protection;

21   6.    Objection, the request seeks information including defendant's counsel's legal
22   analysis and theories and therefore invades the attorney's work-product privilege;

23   7.    Objection, the request seeks information which is protected from disclosure by the
24   attorney-client privilege.

25        Defendant agrees to produce no documents in response to this request.

26   **Supplemental Response to Request for Production No. 10:**

27   1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
28   grounds that the information requested is neither relevant to the subject matter of this action nor

-9-

**APPENDIX 3**

1    reasonably calculated to lead to the discovery of admissible evidence. The instant action

2    involves two plaintiffs who have not had contact with this Defendant;

3        2.      Objection, the request is overly broad and remote;

4        3.      Objection, the request is oppressive, harassing and burdensome;

5    Notwithstanding and without waving the foregoing objections, and subject thereto, Defendant

6    responds that it produces herewith a copy of a index of computer codes responding party uses in

7    its business.

8    **Request for Production No. 14:**

9        All documents that LRS of Central California uses in its efforts to avoid violations of the

10    Fair Debt Collection Practices Act.

11    **Response to Request for Production No. 14:**

12        1.      Defendant Legal Recovery Services of Central California, Inc., objects on the

13    grounds that the information requested is neither relevant to the subject matter of this action nor

14    reasonably calculated to lead to the discovery of admissible evidence. The instant action

15    involves two plaintiffs who have not had contact with this Defendant;

16        2.      Objection, the request is overly broad and remote;

17        3.      Objection, the request is oppressive, harassing and burdensome;

18        4.      Objection, the request seeks information which is protected by a right to financial

19    privacy;

20        5.      Objection, the request seeks information which is subject to trade secret

21    protection;

22        6.      Objection, the request seeks information including defendant's counsel's legal

23    analysis and theories and therefore invades the attorney's work-product privilege;

24        7.      Objection, the request seeks information which is protected from disclosure by the

25    attorney-client privilege.

26        Notwithstanding and without waving the foregoing objections, and subject thereto,

27    Defendant responds that after a diligent search and a reasonable inquiry, no documents

28

**APPENDIX 3**

1    responsive to the request exist in Defendant's possession, custody or control other than copies of

2    relevant statutes which are equally available to all parties.

3    **Supplemental Response to Request for Production No. 14:**

4        1.      Defendant Legal Recovery Services of Central California, Inc., objects on the

5    grounds that the information requested is neither relevant to the subject matter of this action nor

6    reasonably calculated to lead to the discovery of admissible evidence.   The instant action

7    involves two plaintiffs who have not had contact with this Defendant;

8        2.      Objection, the request is overly broad and remote;

9        4.      Objection, the request is oppressive, harassing and burdensome;

10       Defendant supplements its prior response by stating that defendant maintains actual

11   copies of statutes pertinent to debt collection on its premises.

12   **Request for Production No. 15:**

13       All documents that set forth or explain the charges that check writers are asked to pay in

14   connection with LRS of Central California's efforts to collect dishonored checks.

15   **Response to Request for Production No. 15:**

16       1.      Defendant Legal Recovery Services of Central California, Inc., objects on the

17   grounds that the information requested is neither relevant to the subject matter of this action nor

18   reasonably calculated to lead to the discovery of admissible evidence.   The instant action

19   involves two plaintiffs who have not had contact with this Defendant;

20       2.      Objection, the request is overly broad and remote;

21       3.      Objection, the request is oppressive, harassing and burdensome;

22       4.      Objection, the request seeks information which is protected by a right to financial

23   privacy;

24       5.      Objection, the request seeks information which is subject to trade secret

25   protection;

26       6.      Objection, the request seeks information including defendant's counsel's legal

27   analysis and theories and therefore invades the attorney's work-product privilege;

28

-11-

**APPENDIX 3**

1    7.    Objection, the request seeks information which is protected from disclosure by the
2 attorney-client privilege.

3    Defendant agrees to produce no documents in response to this request.

4 **Supplemental Response to Request for Production No. 15:**

5    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
6 grounds that the information requested is neither relevant to the subject matter of this action nor
7 reasonably calculated to lead to the discovery of admissible evidence.   The instant action
8 involves two plaintiffs who have not had contact with this Defendant;

9    2.    Objection, the request is overly broad and remote;

10    Notwithstanding and without waving the foregoing objections, and subject thereto,
11 Defendant responds that it produces herewith copies of form letters that LRS of Central
12 California uses in its communications with check writers.

13 **Request for Production No. 17:**

14    All documents that refer or relate to any practice of LRS of Central California to report
15 unpaid checks and/or additional charges to a consumer credit reporting agency.

16 **Response to Request for Production No. 17:**

17    1.    Defendant Legal Recovery Services of Central California, Inc., objects on the
18 grounds that the information requested is neither relevant to the subject matter of this action nor
19 reasonably calculated to lead to the discovery of admissible evidence.   The instant action
20 involves two plaintiffs who have not had contact with this Defendant;

21    2.    Objection, the request is overly broad and remote;

22    3.    Objection, the request is oppressive, harassing and burdensome;

23    4.    Objection, the request seeks information which is protected by a right to financial
24 privacy;

25    5.    Objection, the request seeks information which is subject to trade secret
26 protection;

27    6.    Objection, the request seeks information including defendant's counsel's legal
28 analysis and theories and therefore invades the attorney's work-product privilege;

-12-

**APPENDIX 3**

7.    Objection, the request seeks information which is protected from disclosure by the attorney-client privilege.

Defendant agrees to produce no documents in response to this request.

**Supplemental Response to Request for Production No. 17:**

1.    Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.    Objection, the request is overly broad and remote;

Defendant responds that after a diligent search and a reasonable inquiry, no documents responsive to the request exist in Defendant's possession, custody or control.

**Request for Production No. 21:**

Copies of all insurance policies that potentially cover any business liability.  You may exclude policies that include only automobile insurance or worker's compensation coverage.

**Response to Request for Production No. 21:**

1.    Defendant Legal Recovery Services of Central California, Inc., objects on the grounds that the information requested is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   The instant action involves two plaintiffs who have not had contact with this Defendant;

2.    Objection, the request is overly broad and remote;

3.    Objection, the request is oppressive, harassing and burdensome;

4.    Objection, the request seeks information which is protected by a right to financial privacy;

5.    Objection, the request seeks information which is subject to trade secret protection;

6.    Objection, the request seeks information including defendant's counsel's legal analysis and theories and therefore invades the attorney's work-product privilege;

-13-

**APPENDIX 3**

1      7.    Objection, the request seeks information which is protected from disclosure by the
2  attorney-client privilege.

3      Defendant agrees to produce no documents in response to this request.

4  **Supplemental Response to Request for Production No. 21:**

5  1.    Defendant Legal Recovery Services of Central California, Inc., objects on the grounds
6  that the information requested is neither relevant to the subject matter of this action nor
7  reasonably calculated to lead to the discovery of admissible evidence.  The instant action
8  involves two plaintiffs who have not had contact with this Defendant;

9      2.    Objection, the request is overly broad and remote;

10      3.    Objection, the request is oppressive, harassing and burdensome;

11      4.    Objection, the request seeks information which is protected by a right to financial
12  privacy;

13      Notwithstanding and without waving the foregoing objections, and subject thereto,
14  Defendant responds that it produces herewith a copy of the cover page of a CGL insurance
15  policy covering defendant.

16

17  DATED:  January _4_ ,2006

CLIFFORD & BROWN

By _____
    T. MARK SMITH
    Attorney for Defendant Legal Recovery
    Services of Central California

-14-

Defendant's Supplemental Response to Request for Production (Set No. One)

**APPENDIX 3**

T. MARK SMITH, ESQ., State Bar No. 162370
CLIFFORD & BROWN
A Professional Corporation
Attorneys at Law
1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301-5230
(661) 322-6023
(661) 322-3508 - Fax

Attorney for Legal Recovery Services of Central California, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVSION

| | |
|---|---|
| RICHARD L. CARRIZOSA, and MARY PEA, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PAUL R. STASSINOS, an individual, ALAN MECHAM, an individual, LEGAL RECOVERY SERVICES, INC., a California corporation, LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA, INC., a California corporation, CENTRAL VALLEY LEGAL RECOVERY SERVICES, INC., a California corporation, and DOES 1 through 20, inclusive,<br><br>Defendants | Case No.: C05 02280 RMW<br><br>**DEFENDANT LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF RICHARD CARRIZOSA'S INTERROGATORIES**<br><br>**SET NO. ONE** |

PROPOUNDING PARTY    :    Plaintiff, RICHARD CARRIZOSA

RESPONDING PARTY    :    Defendant, LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA

SET NO.            :    ONE - SUPPLEMENTAL

Comes now defendant, LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA, and responds to plaintiff, RICHARD CARRIZOSA, Interrogatories (Set No. One) as follows:

**APPENDIX 4**

1    PRELIMINARY STATEMENT

2        1.    Defendant has not yet fully completed investigation of the circumstances and
3    facts relating to, has not yet completed discovery in, and has not completed preparation for trial
4    of this action.  It is anticipated that further discovery, independent investigation and analysis
5    shall supply additional documents, evidence, and information.    Defendant's responses to
6    plaintiff's Special Interrogatories are based only on such documents, evidence, and information
7    which are presently available and specifically known to defendant, and are given without
8    prejudice to defendant's right to produce subsequently discovered documents, evidence, or
9    information at the time of trial or at the hearing of a motion. Furthermore, defendant reserves the
10   right to produce evidence and information of any subsequently discovered facts which it may
11   later recall or discover.

12       2.    Nothing set forth herein by defendant is intended, or shall be construed, as a
13   waiver of any objection it may assert under the Federal Rules of Civil Procedure, which would
14   require the exclusion of any answer at the time of trial or at the hearing of a Motion. Also, such
15   objections are expressly reserved and may be made at such later time.

16       3.    Subject to the claims of attorney/client privilege, the attorney work-product
17   doctrine, or other privileges and the objections set forth herein, defendant responds to plaintiff's
18   Special Interrogatories.

19       4.    This "<u>Preliminary Statement</u>" is incorporated into each of the following specific
20   responses of defendant to plaintiff's Form Interrogatories.

21                      **RESPONSES TO INTERROGATORIES**

22   **INTERROGATORY NO. 7:**

23   **REQUEST:**

24       Set forth on a monthly basis the number of dishonored checks referred for collection.

25       **RESPONSE:**

26       Defendant objects on the grounds that this interrogatory calls for information which is
27   neither relevant nor calculated to lead to the discovery of admissible evidence as this action
28   involves two named plaintiffs with whom this defendant had no involvement in collection

1  activities. Defendant also objects on the grounds that the request is overly broad and unduly

2  burdensome. Defendant also objects on the grounds that the information called for by the

3  interrogatory is protected by the privacy interests of this defendant and third parties. Defendant

4  also objects on the grounds that the request seeks information which constitutes protected trade

5  secrets and invades confidential and proprietary business information.

6  **SUPPLEMENTAL RESPONSE:**

7  Defendant objects on the grounds that this interrogatory calls for information which is

8  neither relevant nor calculated to lead to the discovery of admissible evidence as this action

9  involves two named plaintiffs with whom this defendant had no involvement in collection

10  activities. Defendant also objects on the grounds that the request is overly broad and unduly

11  burdensome.

12  Notwithstanding and without waiving the foregoing objections, responding party

13  responds that during 2005 it currently processes approximately 900 new dishonored checks per

14  month.

15  **INTERROGATORY NO. 14:**

16  **REQUEST:**

17  For each year since 2001, set forth the total interest charges paid to any defendant by

18  check writers and the total number of such class members who have paid these charges. Exclude

19  interest that was awarded in a lawsuit judgment.

20  **RESPONSE:**

21  Defendant objects on the grounds that this interrogatory calls for information which is

22  neither relevant nor calculated to lead to the discovery of admissible evidence as this action

23  involves two named plaintiffs with whom this defendant had no collection activity. Defendant

24  also objects on the grounds that the request is overly broad and unduly burdensome. Defendant

25  also objects on the grounds that the information called for by the interrogatory is protected by the

26  privacy interests of this defendant and third parties. Defendant also objects on the grounds that

27  the request seeks information which constitutes protected trade secrets and invades confidential

28  and proprietary business information.

**APPENDIX 4**

1  **SUPPLEMENTAL RESPONSE:**

2      Defendant objects on the grounds that this interrogatory calls for information which is
3  neither relevant nor calculated to lead to the discovery of admissible evidence as this action
4  involves two named plaintiffs with whom this defendant had no collection activity. Defendant
5  also objects on the grounds that the request is overly broad and unduly burdensome. Defendant
6  also objects on the grounds that the information called for by the interrogatory is protected by the
7  privacy interests of this defendant and third parties.

8      Notwithstanding and without waiving the foregoing objections, responding party
9  responds that neither name plaintiff Carrizosa nor Pea paid interest charges to responding party.

10  **INTERROGATORY NO. 15:**

11      **REQUEST:**

12      Fully explain LRS of Central California's procedures for collecting dishonored checks,
13  including in your explanation, how LRS of Central California receives dishonored checks and
14  information, the selection and timing of form letters that LRS of Central California sends to
15  check writers and merchants, the timing and substance of the phone calls that LRS of Central
16  California makes to check writers, the receipt and disbursement of payments made by check
17  writers, and the termination of collection efforts.

18      **RESPONSE:**

19      Responding party objects on the grounds that this request is compound. This request is
20  overly broad in time and scope. This request is also vague, ambiguous, and lacks foundation.
21  Because of these ambiguities, this interrogatory appears to seek information that is neither
22  relevant nor calculated to lead to the discovery of admissible evidence. Additionally, this request
23  seeks information not likely to lead to the discovery of admissible evidence in light of the current
24  posture of the case. The only relevant information would be that related to Richard L. Carrizosa
25  and Mary Pea, and responding party had no contact or involvement in any collection activities
26  plaintiffs. This request also seeks the disclosure of confidential trade secrets contained within the
27  documents which, if disclosed, would negatively impact the financial status of responding party.
28  Notwithstanding these objections, and without waiving these objections, responding party

1  responds as follows:

2       Responding party has an attorney-client relationship with attorney Paul Stassinos and

3  implements procedures established by Mr. Stassinos. Those procedures include data input of

4  check information, the processing of correspondence to debtors, which includes stuffing of

5  envelopes and affixing of postage related to correspondence Mr. Stassinos has directed to be

6  sent. The data is obtained from the dishonored checks that Mr. Stassinos reviews. The selection

7  and timing of such correspondence is directed by Mr. Stassinos. The substance of oral

8  communications is directed by Mr. Stassinos. Pursuant to the direction of Mr. Stassinos,

9  telephone calls are made after initial correspondence is sent. Payments are received from check

10 writers, which Mr. Stassinos has directed that responding party deposit in his trust account.

11 Responding party does not disburse monies received from check writers. Mr. Stassinos makes

12 the decision to terminate collection efforts on a collection matter.

13      **SUPPLEMENTAL RESPONSE:**

14      Responding party objects on the grounds that this request is compound. This request is

15 overly broad in time and scope. This request is also vague, ambiguous, and lacks foundation.

16 Because of these ambiguities, this interrogatory appears to seek information that is neither

17 relevant nor calculated to lead to the discovery of admissible evidence. Additionally, this request

18 seeks information not likely to lead to the discovery of admissible evidence in light of the current

19 posture of the case. The only relevant information would be that related to Richard L. Carrizosa

20 and Mary Pea, and responding party had no contact or involvement in any collection activities

21 plaintiffs. This request also seeks the disclosure of confidential trade secrets contained within the

22 documents which, if disclosed, would negatively impact the financial status of responding party.

23 Notwithstanding and without waiving these objections, responding party responds as follows:

24      LRS of Central California normally receives dishonored checks through its merchant

25 customers or directly from banking institutions. Data regarding those dishonored checks

26 retained for processing is input into a computer system. Copies of dishonored checks are then

27 sent to Mr. Stassinos. Upon direction from Mr. Stassinos, an initial letter may be mailed to the

28 check writer. In the event that the check remains unpaid, a thirty-day notice is sent to the check

1  writer via certified mail. If the check still remains unpaid, the file is assigned to an investigator.

2  **INTERROGATORY NO. 21:**

3  **REQUEST:**

4  Identify by bank, address, account name, authorized depositors, authorized signatories,
5  and account number, all bank accounts into which payments sent by check writers are deposited.

6  **RESPONSE:**

7  Defendant objects on the grounds that this interrogatory calls for information which is
8  neither relevant nor calculated to lead to the discovery of admissible evidence. Defendant also
9  objects on the grounds that the request is overly broad and unduly burdensome. Defendant also
10  objects on the grounds that the information called for by the interrogatory is protected by the
11  privacy interest of third parties. Defendant also objects on the grounds that the request seeks
12  information which constitutes protected trade secrets and invades confidential and proprietary
13  business information.

14  **SUPPLEMENTAL RESPONSE:**

15  Defendant objects on the grounds that this interrogatory calls for information which is
16  neither relevant nor calculated to lead to the discovery of admissible evidence. Defendant also
17  objects on the grounds that the information called for by the interrogatory is protected by the
18  privacy interest of third parties.

19  Notwithstanding and without waiving these objections, responding party responds as
20  follows:

21  Responding party deposits payments collected from check writers to Defendant Stassinos
22  in to Defendant Stassinos' trust account designated for this purpose. The account is maintained
23  at Wells Fargo Bank. Deposits are made in a Bakersfield, CA branch of Wells Fargo Bank.

24  **INTERROGATORY NO. 22:**

25  **REQUEST:**

26  Describe in detail your relationship with each of the other defendants in this lawsuit,
27  including, but not limiting, all support and consulting services provided, the division of income
28  and expenses, and all regular business communications.

**RESPONSE:**

Defendant objects on the grounds that the request is compound. Also, this request seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence, given the procedural posture of this case as being brought by two individuals. Moreover, this request seeks the disclosure of confidential trade secrets contained within the documents which, if disclosed, would negatively impact the financial status of responding party. The request seeks attorney-client privileged and work product protected information. This interrogatory also appears to seek a legal conclusion. Notwithstanding these objections, and without waiving these objections, responding party states:

Responding party has an attorney-client relationship with Mr. Stassinos. Responding party has no relationship with Mr. Mecham or Central Valley Legal Recovery Services, Inc. Responding party purchased its business from Legal Recovery Services, Inc., and pursuant to the purchase agreement, responding party makes a monthly payment to Legal Recovery Services, Inc. Pursuant to the purchase agreement, Legal Recovery Services, Inc. is to provide technical support associated with the computer software. In accordance with the purchase agreement, responding party is an independent and separate entity which does not commingle or share income or expenses, or provide each other with consulting services.

**SUPPLEMENTAL RESPONSE:**

Defendant objects on the grounds that the request is compound. Also, this request seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence, given the procedural posture of this case as being brought by two individuals. Moreover, this request seeks the disclosure of confidential trade secrets contained within the documents which, if disclosed, would negatively impact the financial status of responding party. The request seeks attorney-client privileged and work product protected information. This interrogatory also appears to seek a legal conclusion. Notwithstanding and without waiving these objections, responding party states:

Defendant LRS of Central California responds that it has an attorney-client relationship with Defendant Stassinos.   Responding party retains Defendant Stassinos to bring lawsuits

**APPENDIX 4**

1  against check writers as he deems appropriate, to advise its employees regarding policies,

2  procedures and legal requirements relating to collection practices and to supervise its employees

3  while they perform ministerial acts relating to Defendant Stassinos' performance of legal

4
5  services. Mr. Stassinos reviews dishonored checks, makes decisions as to whether a lawsuit will

6  be filed, prepares and files all litigation papers, makes all court appearances, coordinates, if

7  necessary, with law enforcement officials to execute on judgments and handles all post judgment

8  collection matters. He also manages his trust account into which all checks received from check

9
10  writers are deposited and makes disbursements from that account to responding party and to the

11  appropriate merchants. Mr. Stassinos also instructs LRS of Central California employees in the

12  preparation of letters sent to check writers, monitors their work and advises them regarding

13  collection practices. The expenses associated with sending of letters are paid by Defendant LRS

14  of Central California. Once a lawsuit is instituted, Mr. Stassinos advances costs of litigation.

15
16  Defendant Stassinos is paid for his services from monies collected from check writers.

17  Employees of Defendant LRS of Central California communicate regularly with Defendant

18  Stassinos regarding his rendering of such services.

19        As independent entities, there is no sharing or division of income or expenses between

20  Legal Recovery Services of Central California, Inc. and LRS, Inc., Stassinos, or Central Valley

21
22  Legal Recovery Services, Inc.

23  DATED:        January _4_, 2006

                                              CLIFFORD & BROWN
24
25                                    By _____

26                                       T. MARK SMITH
                                          Attorneys for Defendant Legal Recovery
27                                        Services of Central California
28

-8-
Defendant's Supplemental Response to Interrogatories, Set No. One
**APPENDIX 4**

## **VERIFICATION**

I, BRENDA MEADOWS, declare:

I am employed as the President of Legal Recovery Services of Central California, a party to this action. I am authorized to make this Verification for and on behalf of Legal Recovery Services of Central California, a party to this action, and I make this Verification for that reason. I have read the foregoing document and know its content. I am informed and believe, and on that ground allege, that the matters stated in **Defendant Legal Recovery Services of Central California's Supplemental Response to Plaintiff Richard Carrizosa's Interrogatories, Set No. One** are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 4, 2006, at Bakersfield, California.

_____
BRENDA MEADOWS

# **APPENDIX 4**

1

**PROOF OF SERVICE (C.C.P. §1013a, 2015.5)**
*Richard Carrizosa; Mary Peas v. Paul R. Stassinos, et al.*
(USDC, Northern Division Case No. 05-02280 PVT)

2

3   I am employed in the County of Kern, State of California.   I
am over the age of 18 and not a party to the within action;  my
4   business address is 1430 Truxtun Avenue, Bakersfield, CA 93301.

5   On January 4, 2006, I served the foregoing document(s)

6   entitled:

7   **DEFENDANT LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA'S**
**SUPPLEMENTAL RESPONSE TO PLAINTIFF RICHARD CARRIZOSA'S**
8   **INTERROGATORIES, SET NO. ONE**

9   ___        by placing the true copies thereof enclosed
in sealed envelopes addressed as stated on
10   the attached mailing list.

11   _X_        by placing ___ the original, _X_ a true copy
thereof, enclosed in a sealed envelope
12   addressed as follows:

13   **PLEASE SEE PROOF OF SERVICE LIST BELOW**

14   _X_   **BY MAIL**

15            ___        I deposited such envelope in the mail at
Bakersfield, California, with postage thereon
16   fully prepaid.

17            _X_        I am "readily familiar" with this firm's
practice of collection and processing
18   correspondence for mailing. Under that
practice it would be deposited with the U.S.
19   Postal Service on that same day with postage
thereon fully prepaid at Bakersfield,
20   California in the ordinary course of
business. The above sealed envelopes were
21   placed for collection and mailing on the
above date following ordinary business
22   practice.

23   ___   **VIA FACSIMILE**

24   ___   **BY EXPRESS MAIL**
I deposited such envelopes in a facility regularly
25   maintained by the U.S. Postal Service for receipt of
Express Mail, as specified in C.C.P. §1013(c), with
26   Express Mail postage prepaid.

1

**APPENDIX 4**

1

    __X__     **BY OVERNIGHT DELIVERY** (other than Express Mail)

2              I deposited such envelopes in an envelope or package designated by the express service carrier with delivery

3              fees paid or provided;

4           __X__     and deposited such envelope or package in a facility regularly maintained by the express

5                    service carrier.

6           ____      delivered such envelope or package to an authorized courier or driver authorized by

7                    the express service carrier to receive documents.

8

    ____     **BY PERSONAL SERVICE**

9              I caused such envelope to be hand delivered to the offices of the addressee(s).

10

      Executed on January 4, 2006, at Bakersfield, California.

11

    ____    (State)   I declare under penalty of perjury under the

12                    laws of the State of California that the above is true and correct.

13

    __XX__   (Federal) I declare that I am employed in the office of

14                    a member of the Bar of this Court at whose direction the service was made.

15

16

17                                             BRIANA POWERS

18

                  **PROOF OF SERVICE LIST**

19

Paul Arons, Esq.

20 LAW OFFICE OF PAUL ARONS

685 Spring Street, #104

21 Friday Harbor, WA 98250

360-378-6496

22 360-378-6498 fax

23 Ronald Wilcox

LAW OFFICE OF RONALD WILCOX

24 2160 The Alameda, 1st Floor, Suite F

San Jose, CA 95126

25 408-296-0400

408-296-0486 fax

26

2

**APPENDIX 4**

1  Frederick Schwinn
   Consumer Law Center
2  12 South 1st Street, #416
   San Jose, CA 95113-2404
3  408-294-6100
   408-294-6190 fax
4
   O. Randolp Bragg
5  HORWITZ, HORWITZ & ASSOCIATES
   25 East Washington, Suite 900
6  Chicago, IL 60602
   312-372-3822
7  312-372-1673 fax

8  June D. Koper
   MURPHY, PEARSON, BRADLEY & FEENEY
9  701 University Avenue, Suite 150
   Sacramento, CA 95825
10 916-565-0300
   916-565-1636 fax
11
   Valentina Doss
12 Law Offices of Doss & Terrill
   2880 Sunrise Boulevard
13 Suite 141
   Rancho Cordova, CA 95742
14 916-631-1662
   916-631-1672 fax
15

16

17

18

19

20

21

22

23

24

25

26

3

**APPENDIX 4**