**\*E-FILED 6/6/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD L. CARRIZOSA, et al., | NO. C 05-2280 RMW (RS) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** |
| v. | |
| PAUL R. STASSINOS, et al., | |
| Defendants. | |

## I. INTRODUCTION

This is an action asserting violations of the Fair Debt Collection Practices Act and related claims. Plaintiffs contend, in essence, that all of the defendants are engaged in an enterprise to collect from consumers who "bounce" checks, by sending collection letters on the letterhead of defendant Paul Stassinos, an attorney. Plaintiffs assert that Stasssinos does not exercise sufficient supervision and control over each collection effort to make the use of his name lawful. In this motion, plaintiffs seek to compel further interrogatory responses and production of documents from defendant Legal Recovery Services of Central California, Inc. ("Central"), which they contend is effectively one "branch office" of defendants' overall operations. Central opposes the motion, arguing that because it is an independent entity that had no involvement in the collection letters sent to the named plaintiffs, and because no class has yet been certified, the discovery requests in dispute are overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Central's arguments, however, primarily go the merits of the very allegations that plaintiffs

1

are seeking to prove. The propriety of discovery does not turn on one party's belief that the claims are without merit. That notwithstanding, during the pendency of this motion the presiding judge issued a ruling on Central's motion for summary judgment that more clearly delineates which of plaintiffs' claims and theories remain potentially viable. Taking that guidance into account, the motion to compel will be granted in part, and denied in part.[1]

## II. BACKGROUND

Plaintiffs Richard Carrizosa and Mary Pea have a joint checking account. Carrizosa wrote several checks to PW Supermarkets that were returned unpaid. Carrizosa thereafter received a series of "computer-generated form collection demands," most of which purported to be sent by Stasssinos.

Plaintiffs contend that Stasssinos is engaged in a state-wide business of collecting on dishonored checks in concert with all of the other defendants. The primary entity is defendant Legal Recovery Services, Inc. ("LRS"). There is no dispute that Central, which provided the discovery responses at issue in this motion, is a separately formed and owned entity from LRS. The exact relationship between Central, LRS, and the other defendants, however, is in dispute. Plaintiffs contend that Central is, in effect, a "remote office" of LRS. Central admittedly has a relationship with Stassinos, and there is apparently no dispute that its business involves collecting on dishonored checks in cooperation with Stassinos. There is similarly no dispute that the collection letters sent to Carrizosa and Pea were *not* generated by Central, but instead came from another defendant's offices.

## III. STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of

---

[1] Plaintiff's motion to permit consideration of its late-filed reply papers is granted, as good cause has been shown and there is no undue prejudice.

2

1  consequence to the determination of the action more probable or less probable than it would be
2  without the evidence." Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court
3  for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or
4  undue burden or expense." Fed. R. Civ. P. 26 (c)).

5  Discovery requests for documents and tangible things are governed by Rule 34 of the Federal
6  Rules of Civil Procedure.  The rule in relevant part states that,

> Any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of and which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV.  DISCUSSION

### A. General Principles

Central's objections to the discovery requests at issue flow almost exclusively from its basic arguments that it is a separate legal entity that had nothing to do with Carrizosa and Pea, and that since no class has been certified it should not be required to provide information that would, at best, only be relevant if there were other plaintiffs asserting similar claims directly against Central. While this motion was pending, the presiding judge heard and decided a motion for summary judgment brought by Central, which relied on virtually the same arguments Central makes here

3

1 regarding the merits of the claims against it. The presiding judge declined to enter summary
2 judgment in favor of Central at this time, and instead conditionally granted plaintiffs' request for a
3 continuance pursuant to Rule 56 (f), specifically referring to this motion to compel. See Order filed
4 May 22, 2006 at p. 6.

5 This motion is a discovery motion; it does not turn on the merits of any parties' claims or
6 defenses, but on the relevance of the materials requested to such claims and defenses and on
7 balancing factors such as any undue burden arising from production. Nevertheless, as the presiding
8 judge's summary judgment order makes clear, at this juncture the critical issue is whether there is
9 evidence that could support plaintiffs' theory of a "joint business enterprise partly owned and
10 controlled by [Central]." *Id.* Because that is the central issue, this motion will be granted as to
11 requests that bear on that question. As to any requests that do not bear directly on that question, the
12 motion will be denied without prejudice. In the event the presiding judge denies Central's motion
13 for summary judgment, the parties should meet and confer on the discoverability of the other
14 information Central seeks, and, if necessary, Central may then renew those aspects of the pending
15 motion to compel denied by this order.

16     B. Specific Requests

17     1. *Interrogatory 2*

18 This interrogatory seeks names and addresses of Central's current and past employees, dating
19 back to 2001. Such persons plainly may possess discoverable information relevant to understanding
20 the relationships among the defendants. Central has not shown that responding to this interrogatory
21 would be unduly burdensome, or that it is otherwise improper. The motion to compel is GRANTED
22 with respect to this interrogatory.

23     2. *Interrogatories 6 and 14*

24 These interrogatories seek information regarding the number and type of form collection
25 letters Central sends, and the amount of interest Central has collected. Such specific information
26 will be relevant if, and only if, plaintiffs are permitted to proceed against Central under some theory,
27 and has no apparent bearing on the legal issues under consideration on summary judgment by the
28 presiding judge. The motion to compel is therefore DENIED without prejudice with respect to these

4

interrogatories.

3. *Document Request 4*

This request seeks any agreements between the defendants governing their legal relationship. Central has produced what it contends is the only responsive document, but redacted certain financial information. That information is relevant to understanding that relationship among the parties, and should be disclosed. The parties shall meet and confer to negotiate a protective order to address any confidentiality concerns. Subject to the entry of an appropriate protective order to preserve any sensitive financial or other proprietary information, the motion to compel is GRANTED with respect to this request.

4. *Document Request 8*

This request seeks documents quantifying Central's collection activities, and like Interrogatories 6 and 14, would be relevant only if and when plaintiffs are permitted to proceed against Central under some viable theory. The motion to compel is DENIED without prejudice with respect to this request.

5. *Document Request 27*

This request seeks information regarding payments between or among defendants, and is therefore relevant to understanding how these parties relate to each other, and is particularly relevant to the issues under consideration by the presiding judge.[2] Again, the parties shall meet and confer to negotiate a protective order to address any confidentiality concerns. Subject to the entry of an appropriate protective order to preserve any sensitive financial or other proprietary information, the motion to compel is GRANTED with respect to this request.

## V.  CONCLUSION

The motion to compel is GRANTED as to Interrogatory 2 and, subject to entry of an appropriate protective order, GRANTED as to Document Requests 4 and 27. Further production

---

[2] Central's position that there were *no* payments between or among defendants that would give rise to liability under a joint enterprise or other theory is not a basis for refusing to produce whatever documents may exist regarding any such payments that were made. Whether Central is correct on the facts and the law is a question for the presiding judge to decide, but documenting those facts is the purpose of discovery.

5

1 shall be made within 20 days. The motion is otherwise DENIED, without prejudice to renewal in
2 the event final summary judgment is not granted in favor of Central.

4 IT IS SO ORDERED.

5 Dated: June 6, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL
C 05-2280 RMW (RS)

6

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Paul Arons    lopa@rockisland.com

O. Randolph Bragg    rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman    jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

Mark Ewell Ellis    mellis@mpbf.com, lmiller@mpbf.com; npruitt@mpbf.com

Candace M. Pagliero    cpagliero@paglierolaw.com

James Raymond Pagliero    jpagliero@paglierolaw.com

Frederick William Schwinn    cand_cmecf@sjconsumerlaw.com, fred.schwinn@sjconsumerlaw.com

Thomas Mark Smith    msmith@clifford-brownlaw.com, bpowers@clifford-brownlaw.com

Ronald Wilcox    ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/6/06**                                                                 **Chambers of Judge Richard Seeborg**

**By:**    **/s/ BAK**

ORDER GRANTING MOTION TO COMPEL
C 05-2280 RMW (RS)

7