**\*E-FILED 8/2/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD L. CARRIZOSA, et al., | NO. C 05-2280 RMW (RS) |
| Plaintiffs, | **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |
| v. | |
| PAUL R. STASSINOS, et al., | |
| Defendants. | |

Before the court is defendants' application requesting that the Court enter a general protective order in this action. By order dated July 20 2006, the Court construed defendant's application as including a motion to shorten time under Local Rule 6-3, and the Court solicited opposition on the merits from plaintiffs. Plaintiffs have now filed opposition, and the Court finds the matter suitable for disposition without further briefing or oral argument.

Defendants' request that a protective order be entered in the form submitted with their motion is granted. The Court will execute and file the protective order separately. The general policy concerns raised by plaintiffs regarding "blanket" protective orders are legitimate; however Local Civil Rule 79-5 has been promulgated for the very purpose of addressing those concerns. Additionally, counsel have the obligation to exercise care and restraint in designating materials under the protective order. While the Court expresses no opinion as to whether past practices in the

1

related case were appropriate, all counsel are cautioned against designating materials as confidential or highly confidential under the protective order unless such protection is clearly warranted.

Plaintiffs' proposal that the designating party carry the burden of filing a motion in the event of a dispute regarding a designation is rejected as not in the interests of judicial efficiency. It is a requirement of this Court, however, that under any general protective order the burden of establishing that materials warrant protection remains with the designating party. Thus, a party challenging a designation need only file a simple motion identifying the materials at issue, and it then becomes the designating party's task to justify the designation.

Plaintiffs' proposal regarding how designated materials are filed with the Court is based on an apparent misunderstanding of the provisions of Rule 79-5, as that rule accomplishes the same end. Under Rule 79-5, where a party wishes to file a document that another party has designated as confidential under a general protective order, the party must submit the document with an administrative motion to have it sealed, but it is the *designating* party's burden "to file with the Court and serve a declaration establishing that the designated information is sealable, and [to] lodge and serve a narrowly tailored proposed sealing order, or [to] withdraw the designation of confidentiality." Rule 79-5 (d). If the designating party does not file such a declaration within 5 days "the document or proposed filing will be made part of the public record." *Id.*

Plaintiffs' objection to a provision for "attorney eyes only" designations is based on their contention that nothing in this case will merit such a designation and on their allegation that the designation has been abused in the related case. The Court prefers that two levels of protection be available in general protective orders, but again cautions the parties to exercise careful judgment in making any designations.

Finally, the Court declines plaintiffs' request that the order not preclude them from disclosing designated information to other potential private litigants or to law enforcement personnel absent

subpoena and notice to the designating parties. Plaintiffs' proposal would unduly undermine the protection the order is intended to provide.

IT IS SO ORDERED.

Dated: August 2, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 | Paul Arons    lopa@rockisland.com

3 | O. Randolph Bragg    rand@horwitzlaw.com, shannon@horwitzlaw.com

4 | June D. Coleman    jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

5 | Mark Ewell Ellis    mellis@mpbf.com, lmiller@mpbf.com; npruitt@mpbf.com

6 | Candace M. Pagliero    cpagliero@paglierolaw.com

7 | James Raymond Pagliero    jpagliero@paglierolaw.com

8 | Frederick William Schwinn    cand_cmecf@sjconsumerlaw.com, fred.schwinn@sjconsumerlaw.com; fschwinn@gmail.com

10 | Thomas Mark Smith    msmith@clifford-brownlaw.com, bpowers@clifford-brownlaw.com

11 | Ronald Wilcox    ronaldwilcox@post.harvard.edu

13 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

15 | **Dated: 8/2/06**                    **Chambers of Judge Richard Seeborg**

**By:**    **/s/ BAK**