*E-FILED 8/2/06*

1  Mark E. Ellis - 127159
   June D. Koper - 191890
2  MURPHY, PEARSON, BRADLEY & FEENEY
   701 University Avenue, Suite 150
3  Sacramento, CA 95825
   Telephone:    (916) 565-0300
4  Facsimile:    (916) 565-1636

5  Attorneys for Defendant CENTRAL VALLEY LEGAL RECOVERY SERVICES, INC.

6                    UNITED STATES DISTRICT COURT

7      FOR THE NORTHERN DISTRICT OF CALIFORNIA  - SAN JOSE DIVISION

8  RICHARD L. CARRIZOSA and MARY PEA, on          Case No.: C05 02280 RMW RS
   behalf of themselves and others similarly situated,
9                                                  [PROPOSED] PROTECTIVE ORDER
         Plaintiff,
10
11 v.

12 PAUL R. STASSINOS, an Individual, ALAN
   MECHAM, an Individual, LEGAL RECOVERY,
   INC., a California Corporation, LEGAL
13 RECOVERY SERVICES OF CENTRAL
   CALIFORNIA, INC., a California Corporation,
14 CENTRAL VALLEY LEGAL RECOVERY
   SERVICES, INC., a California Corporation, DOES
15 1 through 20,

16       Defendants.

17
         1.    PURPOSES AND LIMITATIONS
18
             Disclosure and discovery activity in this action are likely to involve production of confidential,
19
   proprietary, or private information for which special protection from public disclosure and from use for
20
   any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby
21
   stipulate to and petition the Court to enter the following Protective Order.  This Order does not confer
22
   blanket protections on all disclosures or responses to discovery and that the protection it affords
23
   extends only to the limited information or items that are entitled under the applicable legal principles to
24
   treatment as confidential.  Nor does this Order create an obligation on either party to produce
25
   documents or provide testimony subject to one or more privileges.  As set forth in Section 10, below,
26
   this Protective Order creates no entitlement to file confidential information under seal; **Civil Local**
27
   **Rule 79-5** sets forth the procedures that must be followed and reflects the standards that will be
28

                                        - 1 -

1 | applied when a party seeks permission from the court to file material under seal.

2 |    2.    DEFINITIONS

3 |       2.1    Party:  any party to this action, including all of its officers, directors, employees,

4 | consultants, retained experts, and outside counsel (and their support staff).

5 |       2.2    Disclosure or Discovery Material:  all items or information, regardless of the

6 | medium or manner generated, stored, or maintained (including, among other things, testimony,

7 | transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery

8 | in this matter.  This includes the production of class member information.

9 |       2.3    "Confidential" Information or Items:  information (regardless of how generated,

10 | stored or maintained) or tangible things that qualify for protection under standards developed under

11 | **F.R.Civ.P.26(c)**.

12 |       2.4    "Highly Confidential – Attorneys 'Eyes Only'" Information or Items:  extremely

13 | sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

14 | create a substantial risk of serious injury that could not be avoided by less restrictive means.

15 |       2.5    Receiving Party:  a Party or the Class Administrator that receives Disclosure or

16 | Discovery Material from a Producing Party, including a class list.

17 |       2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery

18 | Material in this action.

19 |       2.7    Designating Party:  a Party or non-party that designates information or items that

20 | it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –

21 | Attorneys' Eyes Only."

22 |       2.8    Protected Material:  any Disclosure or Discovery Material that is designated as

23 | "Confidential" or as "Highly Confidential – Attorneys' Eyes Only", as well as Class member

24 | information

25 |       2.9    Outside Counsel:  attorneys who are not employees of a Party but who are

26 | retained to represent or advise a Party in this action.

27 |       2.10    House Counsel:  attorneys who are employees of a Party.

28 |       2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as

1 | their support staffs).

2 |      2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent

3 | to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

4 | consultant in this action and who is not a Party or a current employee of a Party or of a competitor of a

5 | Party and who, at the time of retention, is not anticipated to become an employee of a Party or a

6 | competitor of a Party. This definition includes a professional jury or trial consultant retained in

7 | connection with this litigation.

8 |      2.13   Professional Vendors:  persons or entities that provide litigation support services

9 | (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

10 | retrieving data in any form or medium; etc.) and their employees and subcontractors.

11 |      2.14   Class Administrator:  persons or entities that assist in mailing notices to the class

12 | and/or administer settlement funds or damages awarded by the Court, and their employees and

13 | subcontractors.

14 |     3.    SCOPE

15 |     The protections conferred by this Order cover not only Protected Material (as defined above),

16 | but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

17 | compilation thereof, plus testimony, conversations, or presentations by parties or counsel to or in court

18 | or in other setting that might reveal Protected Material.

19 |     4.    DURATION

20 |     Even after the termination of this litigation, the confidentiality obligations imposed by this

21 | Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

22 | otherwise directs.

23 |     5.    DESIGNATING PROTECTED MATERIAL

24 |      5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each

25 | Party or non-party that designates information or items for protection under this Order must take care

26 | to limit any such designation to specific material that qualifies under the appropriate standards. A

27 | Designating Party must take care to designate for protection only those parts of material, documents,

28 | items, or oral or written communications that qualify – so that other portions of the material,

1   documents, items, or communications for which protection is not warranted are not swept unjustifiably
2   within the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to
4   be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber
5   or retard the case development process, or to impose unnecessary expenses and burdens on other
6   parties), expose the Designating Party to possible sanctions.

7        If it comes to a Party's or a non-party's attention that information or items that it designated for
8   protection do not qualify for protection at all, or do not qualify for the level of protection initially
9   asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the
10  mistaken designation.

11           5.2    Manner and Timing of Designation.  Except as otherwise provided in this Order
12  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material
13  that qualifies for protection under this Order must be clearly so designation before the material is
14  disclosed or produced.

15       Designation in conformity with this Order requires:

16               (a)    for information in documentary form (apart from transcripts of
17  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page
19  that contains protected material.  If only a portion or portions of the material on a page qualifies for
20  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
21  appropriate markings in the margins) and must specify, for each portion, the level of protection being
22  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23  ONLY").

24       "Documentary form" includes electronic files.  Electronic files must also be affixed with the
25  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each
26  page that contains protected material, although such designation may be in a header.  If only a portion
27  or portions of the material on a page of an electronic file qualifies for protection, the Producing Party
28  also must print the file, to the extend possible and then clearly identify the protected portion(s) (e.g., by

1 making appropriate markings in the margins) and must specify, for each portion, the level of protection

2 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3 ONLY"). If a printed version is produced, the electronic version need not be.

4        A Party or non-party that makes original documents or materials available for inspection need

5 not designate them for protection until after the inspecting Party has indicated which material it would

6 like copied and produced. During the inspection and before the designation, all of the material made

7 available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8 ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

9 Producing Party must determine which documents, or portions thereof, qualify for protection under

10 this Order, then, before producing the specified documents, the Producing Party must affix the

11 appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12 ONLY") on each page that contains Protected Material as described above. If only a portion or

13 portions of the material on a page qualifies for protection, the Producing Party must annotate the

14 material as described above under documentary form.

15        (b)    for testimony given in deposition or in other pretrial or trial proceedings,

16 that the Party or nonparty offering or sponsoring the testimony identify on the record, before the close

17 of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

18 portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19 ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

20 protection, and then it appears that substantial portions of the testimony may qualify for protection, the

21 Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

22 deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of

23 the testimony as to which protection is sought and to specify the level of protection being asserted

24 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those

25 portions of the testimony that are appropriately designated for protection within the 20 days shall be

26 covered by the provisions of this Stipulated Protective Order.

27        (c)    for information produced in some form other than documentary, and for

28 any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

- 5 -

1   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

2   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or

3   item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

4   portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

5   Eyes Only."

6       5.3    Inadvertent Failures to Designate:    If timely corrected, an inadvertent failure

7   to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

8   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

9   this Order for such material. If material is appropriately designated as "Confidential" or "Highly

10  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on

11  timely notification of the designation, must make reasonable efforts to assure that the material is

12  treated in accordance with the provisions of this Order.

13      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

14      6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

15  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

16  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

17  right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

18  original designation is disclosed.

19      6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

20  Party's confidentiality designation must do so in good faith and must begin the process by conferring

21  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for

22  the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

23  confidentiality designation was not proper and must give the Designating Party an opportunity to

24  review the designated material, to reconsider the circumstances, and, if no change in designation is

25  offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

26  stage of the challenge process only if it has engaged in this meet and confer process first.

27      6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality

28  designation after considering the justification offered by the Designating Party may file and serve a

- 6 -

1   motion under **Civil Local Rule 7** (and in compliance with **Civil Local Rule 79-5**, if applicable) that

2   identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

3   must be accompanied by a competent declaration that affirms that the movant has complied with the

4   meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

5   the justification for the confidentiality designation that was given by the Designating Party in the meet

6   and confer dialogue.

7       The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

8   Until the court rules on the challenge, all parties shall continue to afford the material in question the

9   level of protection to which it is entitled under the Producing Party's designation.

10      7.   ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1   Basic Principles.   A Receiving Party may use Protected Material that is

12   disclosed or produced by another Party or by a non-party, if permitted under this Stipulated Protective

13   Order, in connection with this case only for prosecuting, defending, or attempting to settle this

14   litigation. Such Protected Material may be disclosed only to the categories of persons and under the

15   conditions described in this Order. When the litigation has been terminated, a Receiving Party must

16   comply with the provisions of section 11, below (FINAL DISPOSITION).

17       Protected Material must be stored and maintained by a Receiving Party at a location and in a

18   secure manner that ensures that access is limited to the persons authorized under this Order.

19      7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

20   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

21   any information or item designated CONFIDENTIAL only to:

22       (a)   the Receiving Party's Outside Counsel of record in this action, as well as

23   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

24   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

25   hereto as Exhibit A;

26       (b)   the Receiving Party and the officers, directors, and employees (including

27   House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

28   and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1           (c)    experts (as defined in this Order) of the Receiving Party to whom

2 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound

3 by Protective Order" (Exhibit A);

4           (d)    the Court and its personnel

5           (e)    court reporters, their staffs, and professional vendors to whom disclosure

6 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

7 Protective Order" (Exhibit A);

8           (f)    during their depositions, witnesses in the action to whom disclosure is

9 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

10 Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions

11 that reveal Protected Material must be separately bound by the court reporter and may not be disclosed

12 to anyone except as permitted under this Protective Order.

13           (g)    the author of the document or the original source of the information.

14      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

15 Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

16 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

17 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18           (a)    the Receiving Party's Outside Counsel of record in this action, as well as

19 employees of said Counsel to whom it is reasonably necessary to disclose the information for this

20 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

21 hereto as Exhibit A;

22           (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

23 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

24 (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

25           (c)    the Court and its personnel;

26           (d)    court reporters, their staffs, and professional vendors to whom disclosure

27 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

28 Protective Order" (Exhibit A); and

1          (e)     the author of the document or the original source of the information.  7.4

2          7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

3  ATTORNEYS' EYES ONLY" Information or Items to "Experts".

4          (a)     Unless otherwise ordered by the court or agreed in writing by the

5  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

6  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7  ONLY" first must make a written request to the Designating Party that (1) identifies the specific

8  HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the

9  Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence,

10  (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s),

11  (5) identifies each person or entity from whom the Expert has received compensation for work in his or

12  her areas of expertise or to whom the expert has provided professional services at any time during the

13  preceding five years, and (6) identifies (by name and number of the case, filing date, and location of

14  court) any litigation in connection with which the Expert has provided any professional services during

15  the preceding five years.

16          (b)     A Party that makes a request and provides the information specified in

17  the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

18  within seven court days of delivering the request, the Party receives a written objection from the

19  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

20          (c)     A Party that receives a timely written objection must meet and confer

21  with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

22  agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file

23  a motion as provided in **Civil Local Rule 7** (and in compliance with **Civil Local Rule 79-5**, if

24  applicable) seeking permission from the court to do so.  Any such motion must describe the

25  circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

26  reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

27  additional means that might be used to reduce that risk.  In addition, any such motion must be

28  accompanied by a competent declaration in which the movant describes the parties' efforts to resolve

- 9 -

1 the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

2 forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

3        In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

4 proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

5 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6        8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

7 LITIGATION.

8        If a Receiving Party is served with a subpoena or an order issued in other litigation that would

9 compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

10 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

11 Designating Party, in writing (by fax, if possible) immediately and in no event more than five court

12 days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or

13 court order.

14        The Receiving Party also must immediately inform in writing the Party who caused the

15 subpoena or order to issue in the other litigation that some or all the material covered by the subpoena

16 or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of

17 this Protective Order promptly to the Party in the other action that caused the subpoena or order to

18 issue.

19        The purpose of imposing these duties is to alert the interested parties to the existence of this

20 Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

21 confidentiality interests in the court from which the subpoena or order issued.  The Designating Party

22 shall bear the burdens and the expenses of seeking protection in that court of its confidential material –

23 and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

24 this action to disobey a lawful directive from another court.

25        9.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27 Material to any person or in any circumstance not authorized under this Protective Order, the

28 Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

- 10 -

1 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person

2 or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

3 such person or persons to execute the "Acknowledgment and agreement to Be Bound" that is attached

4 hereto as Exhibit A. With respect to information that relates to a non-party, but was produced by a

5 Party, the Receiving Party shall also bear the cost of any notice to the non-party or non-parties as is

6 required by law.

7       10.    FILING  PROTECTED MATERIAL.

8       Without written permission from the Designating Party or a court order secured after

9 appropriate notice to all interested persons, a Party may not file in the public record in this action any

10 Protected Material. A Party that seeks to file under seal any Protected Material must comply with

11 **Civil Local Rule 79-5.**

12       11.    FINAL DISPOSITION.

13       Unless otherwise ordered  or agreed in writing by the Producing Party, within sixty days after

14 the final termination of this action, each Receiving Party must return all Protected Material to the

15 Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

16 compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

17 With permission in writing from the Designating Party, the Receiving Party may destroy some or all of

18 the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed,

19 the Receiving Party must submit a written certification to the Producing Party (and, if not the same

20 person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where

21 appropriate) all the Protected Material that was returned or destroyed and that affirms that the

22 Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

23 reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

24 entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

25 correspondence or attorney work product, even if such materials contain Protected Material. Any such

26 archival copies that contain or constitute Protected Material remain subject to this Protective Order as

27 set forth in Section 4 (DURATION), above.

28

- 11 -

12.    MISCELLANEOUS.

      12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      12.2    <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

GOOD CAUSE EXISTING, IT IS SO ORDERED.

DATED: ___August 2, 206_____    _____
                                      Richard Seeborg
                                      United States Magistrate

- 12 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understood the Protective Order that was issued by the United States District Court for the Northern District of California on [_____] in the case of **Carrizosa v. Stassinos**, C05 2280 RMW RS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____

- 13 -

Stipulated Protective Order