*E-FILED 8/31/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD L. CARRIZOSA, et al.,

    Plaintiffs,

v.

PAUL R. STASSINOS, et al.,

    Defendants.

NO. C 05-2280 RMW (RS)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

## I. INTRODUCTION

This is an action asserting violations of the Fair Debt Collection Practices Act and related claims. Plaintiffs seek to compel further written discovery responses and production of documents from defendant Paul Stasssinos. The motion was heard on August 16, 2006. For the reasons set forth below, the motion to compel will be granted in part, and denied in part.

## II. BACKGROUND

As described in prior orders, plaintiffs contend that Stasssinos is engaged in a state-wide business of collecting on dishonored checks in concert with the other defendants. The complaint in this action, and the complaint in a related action, Palmer v. Stassinos, C 04 03026 RMW (RS), are both pleaded as class actions, but no class has ever been certified in either case. The named plaintiffs' individual claims in this action arise from collection letters they received on Stassinos's letterhead demanding payment for several checks written by plaintiffs to PW Supermarkets that were

1

returned unpaid.

## IV. DISCUSSION

### A. Appropriate Scope of Discovery

As an initial matter, Stassinos contends that because a class has never been certified in this action or the companion case, discovery should be limited to matters directly relating to the named plaintiffs' claims. Stassinos asserts that this Court previously applied such a limitation with respect to discovery from other defendants and that the same limitation should apply to him. In the abstract, Stassinos's request that discovery be limited to matters arising from the named plaintiffs' claims is reasonable. Doing so, however, does not narrow Stassinos's obligations to respond to the extent that he suggests. Part of the named plaintiffs' theory is that the nature of Stassinos's operations and the volume of collection proceedings he institutes is such that he cannot and does not provide a meaningful level of legal services, with the purported result that there is a statutory violation when collection letters are transmitted on his letterhead. Thus, even if discovery is limited to matters related to the named plaintiffs' individual claims, information as to Stassinos's procedures in general (including information regarding the volume of unpaid checks he processes and collection letters that go out under his name) is relevant and discoverable.

Stassinos's argument that he is entitled to the same limitations on discovery that were imposed with respect to defendant Legal Recovery Services of Central California, Inc. ("Central") fails to recognize that he is in a different position than Central. The named plaintiffs have no direct, individual, claims against Central; it will remain a defendant in this case only if plaintiffs prevail on their theory of joint enterprise liability (or, possibly, if a class were certified that includes individuals who have direct claims against Central). Accordingly, in light of the presiding judge's interim ruling on Central's pending motion for summary judgment, this Court found it appropriate to limit discovery to matters that "bear on plaintiffs' theory of a joint business enterprise partly owned and controlled by Central." See Order filed June 6, 2006 at 4:7-12. The posture of the case against Stassinos is not the same. The named plaintiffs' claims against him do not depend on the existence

1 of a "joint enterprise" and he will remain a defendant in the action regardless of whether a class is
2 ever certified.

3 Moreover, as noted above, discovery regarding how Stassinos processes checks in general is
4 relevant to the named plaintiffs' claims even assuming no class is ever certified. The discovery
5 requests in dispute in this motion are all directed at obtaining information that is relevant to the
6 named plaintiffs' individual claims. Thus, while it might be appropriate to limit discovery at this
7 juncture to matters relating to the named plaintiffs, any such limitation would not affect the
8 discovery disputes raised by this motion.

9    B. Specific Requests

10 **Interrogatory No. 8** seeks a detailed explanation regarding the circumstances surrounding
11 each and every instance that collection efforts were "suspended or stopped" after Stassinos reviewed
12 an unpaid check. Stassinos takes the position that he will not respond with respect to any such
13 instances involving check writers other than the named plaintiffs. As to the named plaintiffs,
14 Stassinos has responded that collection efforts were discontinued on at least one occasion after he
15 reviewed the check, but he claims work product protection against disclosing any additional
16 information.[1]

17 Plaintiffs suggest that Stassinos may have misunderstood this interrogatory because they
18 claim they did receive collection letters regarding the checks identified in Stassinos's responses, but
19 that the interrogatory only seeks information regarding instances where Stassinos's review of a
20 check resulted in no collection letter going out.[2]

21 Stassinos's claim of work product protection was the subject of the motion heard in the
22 companion case at the same time as this motion. For the reasons discussed in the order issued in the

---

[1] The response states that Stassinos suspended or stopped collection on "one" of plaintiffs' checks but then lists six check numbers.

[2] The possibility exists, of course, that a collection letter was sent out *prior* to the time Stassinos reviewed the check at issue, and that his response is therefore accurate. Plaintiffs presumably would consider such a procedure to be a violation of the law. The Court does not reach or decide that question. Instead, the Court construes this interrogatory consistently with how plaintiffs described it at the hearing: plaintiffs seek information regarding instances where, as a result of Stassinos's review of the unpaid checks, *no* collection letters were issued.

3

companion case on August 18, 2006, Stassinos's objection based on work product protection is overruled.  Stassinos shall provide a further and complete response to interrogatory number 8 with respect to any instance where no collection letter was sent out, as a result of his review of a check or check written by the named plaintiffs.  Regardless of whether any such instances occurred, Stassinos shall provide a further response explaining the circumstances surrounding the six check numbers identified in his original response to this interrogatory.

As to instances involving check writers other than the named plaintiffs, Stassinos suggests that responding to this interrogatory also would impose an undue burden.  Plaintiffs respond that it should be a simple matter to conduct a computer search for any instances where a collection matter was opened, but no collection letters were ever sent out.  On the present record, it is not possible to evaluate the burden the request entails.  It is unclear whether a simple database search can be constructed that would return the basic information as to when such instances occurred, and it is unclear whether there would be many such instances or only a few.  Stassinos has failed to show, however, that it would cause undue burden to require him to compile basic information regarding any instances where no collection letters were generated after his initial review of an unpaid check.

Accordingly, Stassinos shall provide a further response to this interrogatory with respect to check writers other than the named plaintiffs as follows: Stassinos shall identify the total number of instances in which collection files were opened but no collection letters were ever generated, and shall identify each such instance by date or by a file number or by some other identifying feature, but Stassinos need not provide a detailed explanation of the circumstances of such instances at this time.  This ruling is without prejudice to plaintiffs' ability to seek further information regarding any such instances through follow up discovery.

**Document Requests Nos. 11-13** seek documents related to Stassinos's initial review of dishonored checks referred to him for collection.   After this motion was filed, Stassinos served a supplemental response clarifying that no responsive documents exist.  On reply, plaintiffs complain that the supplemental response is ambiguous as to whether Stassinos is limiting the response to the named plaintiffs.

In light of the discussion above, Stassinos shall serve a further response clarifying that no

4

responsive documents exist with respect to *any* check-writers, not just the named plaintiffs. If that is not the case, responsive documents related to other check-writers shall be produced.

**Interrogatory No. 3 and Document Request No. 1** involve agreements between Stassinos and other defendants. Stassinos contends that these include privileged attorney-client agreements, and that plaintiffs have already obtained copies of the agreements from the other defendants.

Under Ninth Circuit law, fee agreements generally fall outside the scope of the attorney-client privilege. See, e.g., *In re Osterhoudt*, 722 F.2d 591 (9th Cir. 1983); *In re Horn*, 976 F.2d 1315 (9th Cir. 1992). Furthermore, Stassinos has described the substance of the agreements in his declaration, and if Stassinos's copies of the agreements are identical to those already produced, there can be no arguably privileged information remaining to protect. If, for some reason, Stassinos's copies differ from those previously produced, this order is sufficient to relieve him of any liability for producing his copies, which was the primary basis of his refusal to produce the documents. Accordingly, the motion will be granted as to these requests.

**Document Request No. 5** seeks documents relating to Stassinos's decision whether or not to seek prejudgment interest when requesting default judgments in his collection matters. Stassinos has served supplemental responses clarifying that no responsive documents exist. Plaintiffs may seek further clarification at deposition as to whether responsive documents previously existed; no further written response will be compelled.

**Document Request No. 3** seeks documents regarding any case where a court denied Stassinos's request for prejudgment interest. Stassinos has agreed to produce any responsive documents, and the motion will be granted on that basis. If Stassinos contends any responsive documents are privileged, he shall identify them on a privilege log. This ruling is without prejudice to plaintiffs' ability to contend that any privilege has been waived.

**Document Request No. 8** seeks notes of any communications between defendants regarding this action or the related suit. In a supplemental response served after this motion was filed, Stassinos states that he has no responsive documents. On reply, plaintiffs complain that the supplemental response is suspicious, given prior representations made during meet and confer discussions that responsive documents would be produced or identified in a privilege log. Plaintiffs

5

may seek further clarification at deposition as to whether responsive documents previously existed; no further written response will be compelled.

**Document Request Nos. 9 and 10 and Interrogatory No. 10** all seek information regarding when Stassinos was present at, or absent from, his various offices. In response, Stassinos refused to produce any documents, but apparently went through his personal date book to provide a list of dates on which he was present in his Modesto or Bakersfield offices.

Stassinos's various objections to these requests are overruled except as reflected in the following order: Stassinos shall produce a copy of his daily planner for July 1, 2003 to the date this action was instituted. Stassinos may redact any information in which he claims a right of privacy or that is otherwise not responsive to these requests; any redactions, however, shall not withhold from disclosure the amount of time spent on private or non-responsive activities but shall only withhold other information regarding those activities.

## V.  CONCLUSION

The motion to compel is granted to the extent specified above, and is otherwise denied. Supplemental responses and production of documents shall be served within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: August 31, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 05-2280 RMW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Paul Arons     lopa@rockisland.com

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman     jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

Mark Ewell Ellis     mellis@mpbf.com, lmiller@mpbf.com; npruitt@mpbf.com

Candace M. Pagliero     cpagliero@paglierolaw.com

James Raymond Pagliero     jpagliero@paglierolaw.com

Frederick William Schwinn     cand_cmecf@sjconsumerlaw.com, fred.schwinn@sjconsumerlaw.com; fschwinn@gmail.com

Thomas Mark Smith     msmith@clifford-brownlaw.com, bpowers@clifford-brownlaw.com

Ronald Wilcox     ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/31/06**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                           **By:         /s/ BAK**

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 05-2280 RMW (RS)