**\*E-FILED 4/3/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD L. CARRIZOSA, et al., | NO. C 05-2280 RMW (RS) |
| Plaintiffs, | **ORDER RE MOTION TO COMPEL** |
| v. | |
| PAUL R. STASSINOS, et al., | |
| Defendants. | |

## I. INTRODUCTION

This motion grows out of, and is a continuation of, a prior discovery dispute and ensuing Court order entered August 31, 2006. In contention is plaintiffs' ongoing effort to establish with greater certainty the extent to which defendant Stassinos does or does not conduct a "meaningful" review of dishonored checks before letters are sent out under his name demanding payment on those checks. To lay a better foundation for evaluating Stassinos's burdensomeness objection to a prior interrogatory, the Court's August 31, 2006 order required Stassinos to *identify* the number of instances in which "collection files were opened but no collection letters were ever generated." The Court expressly made its ruling "without prejudice to plaintiffs' ability to seek further information regarding any such instances through follow up discovery."

As contemplated by the order, plaintiffs served such followup discovery, and Stassinos renewed his objections to responding, on burdensomeness and other grounds. At the hearing on this motion, the Court solicited additional foundational information to evaluate the burden arguments,

1

which Stassinos has now provided by letter brief. Having considered that additional information, all the papers filed to date, the arguments of counsel, and the record herein, the motion to compel will be granted, in part.

## II. DISCUSSION[1]

As an initial matter, Stassinos contends that the interrogatory and document request at issue in this motion violated the numerical limits imposed by the presiding judge on written discovery in this action. Although the discovery was propounded as new and separately-numbered requests, in essence plaintiffs were attempting to *narrow* and further refine the requests that were the subject of the prior motion to compel. Given that, and in light of the Court's August 31, 2006 order expressly contemplating such followup discovery, the requests do not contravene the limitations on discovery imposed by the presiding judge.

In response to the requests and in opposition to this motion, Stassinos also renews the objections he made to the original discovery requests based on work product protection, attorney-client privilege, the fact that this proceeding has thus far not been certified as a class action, and similar matters. Although the service of newly-numbered discovery requests at least arguably entitled Stassinos to restate those objections, they are overruled for the same reasons as set out in the August 31, 2006 order.

The crux of the remaining controversy is the degree to which it would impose an undue burden on Stassinos to identify the instances in which no collection letters were issued as a result of his review of a check, and to provide further information as to any such instances. In response to the Court's prior order, Stassinos collated data as to the number of instances, by date over a five-year period, that collection files were opened but no collection letters sent out. That data, however, does not reveal how many, if any, of those instances involved a decision *by Stassinos* not to pursue collection. The followup discovery requests at issue in this motion seek to uncover that information with respect to a six-month subset of the data previously provided. Stassinos, however, contends

---

[1] The factual background of this action has been described in prior orders and will not be repeated here.

2

1 that review of the approximately 600 files implicated by that subset, together with reviewing any
2 related files that might be necessary to reconstruct his decision-making process, would still be
3 unduly burdensome.

4 Stassinos represents that among the 600 or so files at issue, there is a possibility that there are
5 a very few cases in which no collection letters were mailed because Legal Recovery Services
6 personnel were able to determine that it had no valid address for the writers of the checks. Stassinos
7 contends that he has no means to identify such files "either by computer or manually." In light of
8 Stassinos's representations that this happened "infrequently," it does not appear to present a problem
9 requiring further resolution.

10 The sticking point, therefore, lies in distinguishing between cases where the decision not to
11 pursue collection was made by Stassinos and cases where the merchant client requested that the
12 matter not be pursued.[2] In his letter brief, Stassinos discloses that he believes that collection letters
13 were not mailed out at the request of the "clients" in "a majority" of the 600 files in issue. That
14 concession would appear to go a substantial distance towards providing plaintiffs the information
15 they seek, but it does not lay the issue to rest.

16 In compromise, Stassinos's letter brief proposes that he will manually review 100 files, to be
17 selected by plaintiffs based on the dates of referral. That proposal appears reasonable.
18 Accordingly, within 15 days of the date of this order, plaintiffs shall specify referral dates sufficient
19 to total *approximately* 100 files for Stassinos to review. Within 30 days thereafter, Stassinos shall
20 serve amended discovery responses identifying in which, if any of those approximately 100 files, no
21 collection letters were sent as a result of his personal review of the returned checks. For any files so
22 identified, Stassinos shall provide a complete verified answer to plaintiff's Interrogatory No.11 and
23 shall produce the "check information report" in response to plaintiff's Document Request No. 14.
24 At his option, Stassinos may redact any personal identifying information of the check writers shown
25 on any such check information reports. With respect to any and all of the approximately 100 files in
26 which collection letters were not sent out for some reason *other* than a decision made by Stassinos

---

28 [2] The parties have vigorously disputed whether such merchants are "clients" of Stassinos or only of Legal Recovery Services. The Court expresses no opinion on that dispute in this order.

3

based on his review of the checks, he may simply state in a verified interrogatory response "collection not pursued for other reasons," and he need not produce the check information reports.

If, upon obtaining the information required by this order, plaintiffs in good faith believe they need additional information to support their claims with respect to the adequacy of Stassinos's involvement in the collection process prior to the time collection letters are mailed out, this order does not preclude plaintiffs from seeking further relief upon a showing of good cause. Plaintiffs, however, are not authorized to pursue further written discovery on the issue absent further order of the Court.

### III.  CONCLUSION

The motion to compel is granted to the extent set forth above and is otherwise denied.

IT IS SO ORDERED.

Dated: April 3, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE MOTION TO COMPEL
C 05-2280 RMW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Paul Arons     lopa@rockisland.com

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman     jcoleman@ecplslaw.com, fwilson@ecplslaw.com

Mark Ewell Ellis     mellis@ecplslaw.com, restrella@ecplslaw.com, npruitt@ecplslaw.com

Candace M. Pagliero     cpagliero@paglierolaw.com

James Raymond Pagliero     jpagliero@paglierolaw.com

Frederick William Schwinn     cand_cmecf@sjconsumerlaw.com, fred.schwinn@sjconsumerlaw.com; fschwinn@gmail.com

Thomas Mark Smith     msmith@clifford-brownlaw.com, bpowers@clifford-brownlaw.com

Ronald Wilcox     ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/3/07**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                              **By:**         **/s/ BAK**

ORDER RE MOTION TO COMPEL
C 05-2280 RMW (RS)

5