**United States District Court**
For the Northern District of California

**E-FILED on**   03/30/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD L. CARRIZOSA AND MARY PEA, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>PAUL R. STASSINOS, an individual, ALAN MEACHAM, an individual, LEGAL RECOVERY SERVICES, INC., a California corporation, and DOES 1-20,<br><br>    Defendants. | C-05-02280 RMW<br><br>ORDER DENYING DEFENDANT STASSINOS'S MOTION TO ABATE AND GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>**[Re Docket Nos. 243, 245]** |

On January 9, 2009, this court denied the parties cross motions for summary judgment, and denied plaintiffs Richard Carrizosa ("Carrizosa") and Mary Pea's ("Pea") motion for class certification because, although the class satisfied Rule 23's requirements for certification, plaintiffs' proposed class definition was too vague to be certified. *Palmer v. Stassinos*, 2009 WL 86705, *9-11 (N.D.Cal. 2008). Carrizosa and Pea now file an amended motion for class certification. Defendant Paul Stassinos ("Stassinos") also moves to stay the proceeding pending the California Supreme Court's determination of whether California law permits the charging of interest on dishonored checks. For the reasons stated below, the court grants the motion for class certification and denies the motion to stay.

The factual and procedural background of this action is described in this court's previous order denying the cross motions for summary judgment and the motion for class certification. *Palmer*, 2009 WL 86705.

## I. STASSINOS'S MOTION TO STAY

At issue in the present suit are multiple alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs moved for summary judgment that defendants violated the FDCPA by: 1) seeking to collect interest on a dishonored check (15 U.S.C. § 1692f(1)); 2) falsely representing or implying that a communication was from an attorney (15 U.S.C. § 1692e(3)); 3) participating in the unauthorized practice of law (15 U.S.C. § 1692e(5)); 4) sending collection letters using the name of an organization that is not the true debt collector (15 U.S.C. § 1692e(14)); 5) sending collection letters without the required validation notice (15 U.S.C. § 1692g(a)(1)-(5)); and 6) sending collection letters to someone other than the writer of the dishonored check (15 U.S.C. § 1692f(1)). The court denied the cross-motions for summary judgment on all claims. *Palmer*, 2009 WL 86705 at *11-12.

The first alleged violation of the FDCPA, for seeking to collect interest on a dishonored check, relies on a question of state law that the Ninth Circuit has certified to the California Supreme Court: whether state law authorizes the collection of interest on debt resulting from a bad check. *See Hunt v. Check Recovery Systems, Inc.*, 2008 WL 2468473, *1 (N.D.Cal. 2008). This court has held that state law does not permit the collection of interest on bad checks. *Palmer v. Stassinos*, 348 F.Supp.2d 1070, 1077-83 (N.D.Cal. 2004), *clarified on reconsideration by* 419 F.Supp.2d 1151, 1152-53 (N.D.Cal. 2005).

The collection of interest is only one of six alleged FDCPA violations. And factual issues exist, at the minimum, as to the degree of involvement Stassinos had in reviewing the dishonored checks, the propriety of the validation notices in the collection letters, and the membership of the class certified below. Because there are numerous legal and factual issues in this case besides the narrow issue certified to the California Supreme Court, the court denies Stassinos's motion to stay the case.

## II. CARRIZOSA AND PEA'S AMENDED MOTION FOR CLASS CERTIFICATION

In their amended motion to certify a class, plaintiffs offer the following proposed class definition:

1. **Umbrella class**: All persons: (i) who wrote checks in California (iii) to whom any defendant mailed letters at any time after June 5, 2001, that contained any of the following elements:
   a. The letter was on the letterhead of "Law Office", the "Law Office of Paul R. Stassinos", or had a signature block for "Paul R. Stassinos, Attorney at Law."
   b. The letter was on the letterhead of a creditor, such as "P.W. Supermarkets", "Lifetouch" or any other creditor, and not on the letterhead of Paul R. Stassinos or Legal Recovery Services, Inc.
   c. The letter included a demand for interest.
   d. The letter was addressed to two persons, and not just to the person who wrote the check that defendants were attempting to collect.
2. **Sub-class 1: [FDCPA class]**: All members of the umbrella class, from whom defendant attempted to collect, or collected money for checks written for personal, family, or household purposes, since June 5, 2004.
3. **Sub-class 2: [UCL class]**: All members of the umbrella class from whom defendant attempted to collect, or collected money, since June 5, 2001.
4. Excluded from the class is anyone who has litigation currently pending against any of the defendants, alleging the same claims that are being alleged in this action.

The court previously denied class certification because the prior proposed class definition included all persons who received letters that were "materially the same" as the ones received by Carrizosa and Pea. *Palmer*, 2009 WL 86705 at *10. The court found that language too vague to be workable as a class definition. *Id.* Plaintiffs have now amended their proposed definition to rely on objective characteristics of the collection letters the purported class members received. The revised definitions adequately identify the challenged conduct and the members of the class are sufficiently ascertainable for certification.

Stassinos first challenges the newly proposed class definitions on the basis of the requirements of Rule 23(a) and 23(b). Stassinos' Opp. to Mot. for Class Cert. 3-10. The court previously found that Rule 23's certification requirements were satisfied, and the court finds no basis for disturbing its reasoning here. *See Palmer*, 2009 WL 86705 at *9-11.

Defendants Legal Recovery Services ("LRS") and Alan Mecham ("Mecham") first contend that the fourth section of the umbrella class includes persons within the class who do not have standing under the FDCPA. According to LRS and Mecham, a class member like Pea does not qualify as a "consumer" under § 1692a or § 1692c(d), and thus lacks standing to sue under the FDCPA. § 1692a defines "consumer" for the FDCPA as "any natural person obligated or allegedly

United States District Court
For the Northern District of California

obligated to pay any debt." 15 U.S.C. § 1692a(3). § 1692c restricts who debt collectors can contact, where they can contact them, and the content of that communication once the consumer has expressed a wish not to be contacted further. *See* 15 U.S.C. 1692c(a)-(c). § 1692c(d) defines "consumer" for the purposes of § 1692c only, and is therefore not relevant here. But even § 1692a does not limit the right of non-consumers to bring suits for violation of the FDCPA. Section 1692k, entitled "Civil liability," states that "any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person . . . " 15 U.S.C. § 1692k(a) (emphasis added). The plain language of the statute, then, does not limit standing to consumers as defined in § 1692a. *See Whatley v. Universal Collection Bureau Inc. (Florida)*, 525 F.Supp. 1204, 1205-06 (N.D.Ga. 1981) ("The liability section is couched in the broadest possible language; the statute is not limited to 'consumers.'").

LRS and Mecham next argue that persons are included in the UCL sub-class who lack standing to sue under the California Unfair Competition Law. Under § 17204, a private citizen has standing to seek an injunction only when he or she has "suffered injury in fact and has lost money or property as a result of such unfair competition."[1] Whether all members of a proposed class, or only the class representative, must have suffered such an injury in fact is presently under consideration by the California Supreme Court, and was argued on March 3, 2009. *In re Tobacco II Cases*, 51 Cal.Rprtr.3d 707 (Cal. 2006) (granting petition for review of *In re Tobacco II Cases*, 47 Cal.Rptr.3d 917, 921 (Cal. App. 2006) (holding that all class members must have suffered an injury in fact and lost money or property)). Because the law is not presently clear as to whether all class members must individually satisfy § 17204, the court will certify the class according to the narrower UCL subclass definition.

Finally, LRS and Mecham argue that the UCL subclass extends beyond those persons who have FDCPA claims because it does not include the limitation that the money sought to be collected is "for checks written for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5).

---

[1] Cal. Bus. & Prof. Code § 17204 was amended in November of 2004 by California ballot initiative Proposition 64 to eliminate the ability of private individuals to bring "private attorney general" actions on behalf of the general public under the UCL. *Chamberlan v. Ford Motor Co.*, 369 F.Supp.2d 1138, 1149-50 (N.D.Cal. 2005).

ORDER DENYING DEFENDANT STASSINOS'S MOTION TO ABATE AND GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION   —C-05-02280 RMW
JAS                                  4

1  Plaintiffs do not appear to contest the point, and the court agrees that the UCL class, since its
2  underlying violations are based on violations of the FDCPA, should be of equivalent scope.  The
3  class certified below limits the UCL subclass to consumer debts.

## III. ORDER

For the reasons stated above, the court denies defendants motion to stay the present action and grants plaintiffs' motion to certify the following class:

○ **Umbrella class**: All persons: (i) who wrote checks in California (iii) to whom any defendant mailed letters at any time after June 5, 2001, that contained any of the following elements:

a. The letter was on the letterhead of "Law Office", the "Law Office of Paul R. Stassinos", or had a signature block for "Paul R. Stassinos, Attorney at Law."

b. The letter was on the letterhead of a creditor, such as "P.W. Supermarkets", "Lifetouch" or any other creditor, and not on the letterhead of Paul R. Stassinos or Legal Recovery Services, Inc.

c. The letter included a demand for interest.

d. The letter was addressed to two persons, and not just to the person who wrote the check that defendants were attempting to collect.

○ **Sub-class 1: [FDCPA class]**: All members of the umbrella class, from whom defendant attempted to collect, or collected money for checks written for personal, family, or household purposes, since June 5, 2004.

**United States District Court**
For the Northern District of California

○ **Sub-class 2: [UCL class]**: All members of the umbrella class from whom defendant collected interest for checks written for personal, family, or household purposes, since June 5, 2001.

○ Excluded from the class is anyone who has litigation currently pending against any of the defendants, alleging the same claims that are being alleged in this action.

DATED:     03/30/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ronald Wilcox         ronaldwilcox@post.harvard.edu
O. Randolph Bragg     rand@horwitzlaw.com
Paul Arons            lopa@rockisland.com

**Counsel for Defendants:**

Andrew M. Steinheimer   asteinheimer@ecplslaw.com
June D. Coleman         jcoleman@ecplslaw.com
Mark Ewell Ellis        mellis@ecplslaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   03/09/09                                    JAS
                                              **Chambers of Judge Whyte**