**E-FILED on** 1/10/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD L. CARRIZOSA and MARY PEA, on behalf of themselves and others similarly situated,

Plaintiff,

v.

PAUL R. STASSINOS, an individual, ALAN MECHAM, an individual, LEGAL RECOVERY SERVICES, INC., a California corporation, and DOES 1-20,

Defendants.

No. C-05-02280 RMW

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION

**[Re Docket No. 262]**

Plaintiffs Richard L. Carrizosa and Mary Pea move for reconsideration of this court's January 9, 2009 order denying plaintiffs partial summary judgment as to certain claims under the Fair Debt Collection Practices Act ("FDCPA"). Defendants oppose the motion. For the reasons set forth below, the court grants in part and denies in part the motion.

## I. ANALYSIS

Reconsideration is appropriate only when there is: (1) newly discovered evidence, (2) a change in controlling law, or (3) the need to correct clear error or to prevent manifest injustice. *School Dist. No.1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 7-9 allows parties to file a motion

for leave to file a motion for reconsideration when there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court."

Plaintiffs allege a manifest failure by the court to consider material facts or dispositive legal arguments presented to the court and therefore seek reconsideration on the following five issues: (1) the court's failure to enter partial summary judgment despite finding violations of 15 U.S.C. §§ 1692e(14) and 1692f(1); (2) the court's finding that plaintiffs failed to set forth the specific evidence required to establish a violation of 15 U.S.C. § 1692g(a); (3) the court's holding that a form collection letter could be "from" an attorney even if the attorney had not separately reviewed that individual case; (4) the court's finding of a genuine issue of material fact as to whether defendant Paul R. Stassinos ("Stassinos") had meaningful involvement in sending the letters and thus whether 15 U.S.C. § 1692e(3) had been violated; and (5) the court's failure to find a violation of 15 U.S.C. § 1692e(14) based on defendant Legal Recovery Services, Inc. ("LRS")'s use of Stassinos' name and Law Office letterhead in the collection letters it mailed to plaintiffs.

**A.    Violations of 15 U.S.C. §§ 1692e(14) and 1692f(1)**

15 U.S.C. § 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." In its January 9, 2009 order, the court stated that "the letters sent to Carrizosa or Carrizosa and Pea purportedly authored by PW Supermarkets, Inc. during the proposed class period were actually sent by LRS, a debt collector, and thus violated 15 U.S.C. § 1692e(14)." Order at 17.

15 U.S.C. § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." In its January 9, 2009 order, the court held that "prejudgment interest is not recoverable if treble damages or service charges are assessed by the debt collector," and therefore the letters seeking to collect both prejudgment interest and treble damages or service charges violated 15 U.S.C. § 1692f(1). Order at 17.

The court has found that there is no genuine issue as to any material fact regarding these violations and that plaintiffs are entitled to judgment as a matter of law. Therefore, the court grants summary judgment of liability against defendant LRS for violating 15 U.S.C. § 1692e(14) by sending

letters purportedly authored by PW Supermarkets, Inc. and for violating 15 U.S.C.§ 1692f(1) by sending letters seeking to collect both prejudgment interest and treble damages or service charges.[1]

### B. Lack of Evidence Regarding Alleged Violation of 15 U.S.C. § 1692g(a)

15 U.S.C. § 1692g(a) requires debt collectors to send the consumer a written notice within five days of an initial communication, including certain information about the debt and advising the consumer of his or her right to request the true name and address of the original creditor. In its January 9, 2009 order, the court found that plaintiffs "fail[ed] to set forth specifically when the first contact was made by LRS and what was not provided within 5 days thereafter." Order at 12. In their motion for reconsideration, plaintiffs argue that they submitted evidence of when the first contact was made, pointing to various exhibits attached to the Declaration of Paul Arons in support of their motion for partial summary judgment. These exhibits include Check Information Reports containing the dates on which automated letters were mailed. Even assuming these exhibits provide the evidence necessary to establish a violation of 15 U.S.C. § 1692g(a) (which defendants contest), it is not the duty of the court to sift through the record in search of evidence to support a motion for summary judgment. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030-31 (9th Cir. 2001) (a district court is not required to "search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found"). In their motion for partial summary judgment, plaintiffs failed to point out the specific evidence required to establish a violation of 15 U.S.C. § 1692g(a). Therefore, the court has not manifestly failed to consider material facts or dispositive legal arguments that were presented to the court, nor has it committed clear error.

### C. "From" an Attorney – Legal Standard

15 U.S.C. § 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." In its January 9, 2009 order, the court held that a form collection letter could be "from" an attorney even if the attorney had not separately reviewed that individual case, so long as the attorney, "consistent with his professional ethics obligations, exercised direct control and supervision over the process by which the letter was sent." Order at 9-10.

---

[1] Because defendant Stassinos has filed for bankruptcy, the present action is stayed against him.

Plaintiffs contend that the court manifestly failed to consider material facts or dispositive legal arguments because this holding is contrary to various federal appellate and district court decisions. The court's January 9, 2009 order, however, expressly recognized the fact that other "[c]ourts have interpreted § 1692e(3) to require that attorneys sending collection letters review the individual debtor's file and have some knowledge of the alleged debt." Order at 7. The court therefore clearly considered these contrary decisions, which are not binding upon the court. As plaintiffs acknowledge, there is no Ninth Circuit authority on this issue. Thus the court has not committed clear error in choosing to adopt a different legal standard.

Moreover, even adopting the more stringent standard that plaintiffs propose, the court finds a triable issue of fact as to whether Stassinos' involvement was sufficient for the letters to be "from" him. Under the standard set forth in *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2nd Cir. 1993), and *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996), in order for a letter to be "from" an attorney, the attorney must review each debtor's file and then determine whether a letter should be sent. Part of this review process may be delegated "to a paralegal or even to a computer program," so long as it is performed under the attorney's supervision. *Boyd v. Wexler*, 275 F.3d 642, 647 (7th Cir. 2001).

Summary judgment in plaintiffs' favor is proper only if they have established that no reasonable jury could return a verdict in defendants' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Stassinos stated in his deposition that he personally reviews dishonored checks, and that he determines when collection letters should be sent out.[2] Sept. 18, 2007 Dep. of Paul Stassinos ("Stassinos Dep.") at 52:3-5. Plaintiffs – who bear the burden of proof at trial – must show that Stassinos did not review each dishonored check before a collection letter bearing Law Office letterhead and his signature was sent.[3] Plaintiffs rely heavily on Stassinos' admission that in at least one case, the first collection letter was sent before he had reviewed the dishonored check. Stassinos Dep. at 255:12-15. Though the

---

[2] Though LRS sends out collection letters based on preprogrammed instructions, Stassinos Dep. at 49:18-5):1, Stassinos will sometimes stop collection efforts based on his review of the dishonored check, *id.* at 37:16-44:19, 65:13-66:10.

[3] Plaintiffs also contend that a brief, ten-second review of a dishonored check is insufficient to qualify as review of the debtor's file. The court finds that there is a triable issue of fact as to whether Stassinos' admittedly brief review of dishonored checks is meaningful enough to constitute review of the debtor's file.

first collection letter is usually headed and purportedly signed by the original creditor, in some cases the first letter sent is a certified letter with Law Office letterhead and an attorney signature. Stassinos Dep. at 280:10-281:9. However, plaintiffs fail to establish, in the one known case where a first collection letter was sent before Stassinos reviewed the dishonored check, that the first letter sent was a certified letter, bearing Law Office letterhead and an attorney signature. Consequently, a reasonable jury could find that plaintiffs failed to meet their burden of proof in establishing a violation of 15 U.S.C. § 1692e(3).

### D. "From" an Attorney – Genuine Issue of Material Fact

Plaintiffs claim that even under the court's more lenient standard for determining whether a letter is "from" an attorney, the court manifestly failed to consider material facts or dispositive legal arguments in finding a genuine issue of material fact as to whether Stassinos had sufficiently meaningful involvement in sending the collection letters. Contrary to plaintiffs' allegation in its motion for reconsideration, the court did not fail to consider the fact that LRS, not Stassinos, physically mailed collection letters with Stassinos' law office letterhead. In fact, the court expressly acknowledged this fact in its January 9, 2009 order. Order at 3. Having considered this fact, the court nonetheless found a triable issue of fact on this issue. The court has not committed clear error in denying summary judgment on this claim.

### E. Alleged Violation of 15 U.S.C. § 1692e(14) From Use of Law Office Letterhead

15 U.S.C. § 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Plaintiffs allege that the court committed clear error by failing to find that LRS's use of Stassinos' name and Law Office letterhead in the collection letters it mailed to plaintiffs constituted a violation of 15 U.S.C. § 1692e(14). As discussed above and in its January 9, 2009 order, there remains a genuine issue of material fact as to whether Stassinos was sufficiently involved in the decision to send these collection letters for the letters to be "from" him. Therefore, the court has not committed clear error in denying summary judgment on this claim.

## III. ORDER

For the foregoing reasons, the court grants in part and denies in part plaintiffs' motion for reconsideration as follows:

1. The court grants summary judgment of liability against defendant LRS for violating 15 U.S.C. § 1692e(14) by sending letters purportedly authored by PW Supermarkets, Inc. and for violating 15 U.S.C.§ 1692f(1) by sending letters seeking to collect both prejudgment interest and treble damages or service charges.

2. The court denies plaintiffs' motion for reconsideration with respect to all other issues.

DATED: 1/10/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Fred W. Schwinn               fred.schwinn@sjconsumerlaw.com
O. Randolph Bragg            rand@horwitzlaw.com
Paul Arons                        lopa@rockisland.com
Ronald Wilcox                ronaldwilcox@post.harvard.edu

**Counsel for Defendants:**

Mark Ewell Ellis               mellis@ecplslaw.com
Andrew M. Steinheimer     asteinheimer@ecplslaw.com
June D. Coleman             jcoleman@ecplslaw.com
Candace Marie Pagliero     cpagliero@paglierolaw.com
James Raymond Pagliero    jpagliero@paglierolaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/10/10                                 CCL
**Chambers of Judge Whyte**