**E-FILED on**   10/29/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD L. CARRIZOSA and MARY PEA, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAUL R. STASSINOS, an individual, ALAN MECHAM, an individual, LEGAL RECOVERY SERVICES, INC., a California corporation, and DOES 1-20,<br><br>Defendants. | No. C-05-02280 RMW<br><br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>[Re Docket No. 305] |

Plaintiffs Richard L. Carrizosa and Mary Pea move for summary judgment against defendants Legal Recovery Services, Inc. ("LRS") and Alan Mecham. The motion is unopposed. For the reasons set forth below, the court grants the motion.

**I. BACKGROUND**

LRS is a debt collection firm started by Alan Mecham and his then-wife. LRS worked with defendant Paul Stassinos, an attorney, to collect on dishonored checks by sending letters demanding payment. A more detailed factual background for this case is set forth in the court's January 9, 2009 order. *See* Dkt. No. 242 at 2-4.

Plaintiffs Carrizosa and Pea brought suit on behalf of themselves and all others similarly situated against LRS, Mecham, and Stassinos for violation of the Fair Debt Collection Practices Act ("FDCPA") and the California Unfair Competition Law ("UCL").  On March 30, 2009, the court certified the following class:

> **Umbrella class:** All persons who wrote checks in California to whom any defendant mailed letters at any time after June 5, 2001, that contained any of the following elements:
>
> a.  The letter was on the letterhead of "Law Office," the "Law Office of Paul R.Stassinos," or had a signature block for "Paul R. Stassinos, Attorney at Law."
>
> b.  The letter was on the letterhead of a creditor, such as "P.W. Supermarkets," "Lifetouch," or any other creditor, and not on the letterhead of Paul R. Stassinos or Legal Recovery Services, Inc.
>
> c.  The letter included a demand for interest.
>
> d.  The letter was addressed to two persons, and not just to the person who wrote the check that defendants were attempting to collect.
>
> **Sub-class 1: [FDCPA class]:** All members of the umbrella class, from whom defendant attempted to collect, or collected money for checks written for personal, family, or household purposes, since June 5, 2004.
>
> **Sub-class 2: [UCL class]:** All members of the umbrella class from whom defendant collected interest for checks written for personal, family, or household purposes, since June 5, 2001.
>
> Excluded from the class is anyone who has litigation currently pending against any of the defendants, alleging the same claims that are being alleged in this action.

Dkt. No. 270 at 5-6.

On June 11, 2010, the court stayed the action against Stassinos in light of his pending bankruptcy action.  Plaintiffs now move for summary judgment against LRS and Mecham.

## II.  ANALYSIS

### A.  Mecham's Liability

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Thus, "under the plain language of the FDCPA, an individual can be considered a 'debt collector' and be held personally liable without piercing the corporate veil if the individual materially participated in the debt collection activities."  *Del Campo v.*

*Am. Corrective Counseling Serv., Inc.*, 2010 U.S. Dist. LEXIS 62060, at *21 (N.D. Cal. June 3, 2010); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 437-48 (6th Cir. 2008) (sole member of LLC may be found individually liable for violation of the FDCPA without piercing the corporate veil); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 n.29 (3d Cir. 2000)("a general partner exercising control over the affairs of such a partnership may be held liable under the FDCPA for the acts of the partnership").

Throughout the class period, Alan Mecham has been a shareholder, director, Vice President, Secretary, and Chief Financial Officer of LRS. Dkt. No. 306 Ex. 4 at 2. As Vice President, Mecham was in charge of overseeing the operation of LRS, and he spent 50 to 60 hours per week on LRS business. Dkt. No. 307 Ex. 4 ("David Mecham Dep.") 20:17-18; Dkt. No. 306 Ex. 5 at 11. He had the ultimate authority to decide the terms of agreements entered into with merchants and also had the authority to make decisions regarding the timing and type of collection letters that were sent. Dkt. No. 307 Ex. 3 ("Alan Mecham Dep.") 33:20-34:4. 153:14-19; David Mecham Dep. 186:3-11. Because Mecham materially participated in the debt collection activities of LRS, he can be held personally liable for LRS's violations of the FDCPA.

### B. Collection of Prejudgment Interest

The FDCPA prohibits use of unfair or unconscionable means to collect or attempt to collect any debt, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Accordingly, both this court and the California Supreme Court have found that prejudgment interest is not recoverable if treble damages or service charges are assessed by the debt collector. Dkt. No. 242 at 17; *see also Imperial Merchant Serv., Inc. v. Hunt*, 47 Cal. 4th 381, 384 (2009).

It is undisputed that LRS assessed interest on unpaid checks once they "went into treble damages," meaning payment had not been made within 30 days of written demand for payment. Dkt. No. 307 Ex. 2 ("Stassinos 9/18/07 Dep.") 181:19-24; *see* Cal. Civ. Code § 1719 (setting forth statutory requirements for collecting treble damages). The court therefore grants summary judgment of liability

against LRS and Mecham for violating 15 U.S.C. § 1692f(1) by seeking to collect both prejudgment interest and treble damages.

### C. Sending Collection Letters in the Creditor's Name

The FDCPA prohibits use of any false, deceptive, or misleading representations, including "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization," in connection with the collection of any debt. 15 U.S.C. § 1692e(14). It is undisputed that LRS sometimes sent letters using the creditor's name (e.g. PW Supermarkets, Inc. or Lifetouch) rather than its own name. *See* Dkt. No. 306 Ex. 6; *see also* Dkt. No. 307 Ex. 1 ("Stassinos 4/1/05 Dep.") 180:7-11. The court therefore grants summary judgment of liability against LRS and Mecham for violating 15 U.S.C. § 1692e(14) by sending letters in the creditor's name.

### D. Demanding Treble Damages or Service Charges From Persons Who Had Not Passed a Check on Insufficient Funds

As discussed above, the FDCPA prohibits collecting or trying to collect amounts that are neither expressly authorized by the debt agreement nor permitted by law. 15 U.S.C. § 1692f(1). Section 1719 of the California Civil Code permits collection of service charges or treble damages against "any person who passes a check on insufficient funds." Cal. Civ. Code § 1719(a)(1),(2). The statute defines "pass a check on insufficient funds" to mean "to make, utter, draw, or deliver any check, draft, or order for the payment of money upon any bank, depository, person, firm, or corporation that refuses to honor the check, draft, or order . . . ." *Id.* § 1719(a)(6). Accordingly, only the person who wrote or delivered the check is liable for services charges or treble damages, and it is a violation of the FDCPA to seek to collect services charges or treble damages from someone other than the person who wrote or delivered the check.

It is undisputed that if a check listed the names of two individuals (as joint account holders), LRS's standard practice was to address its demand letters, including letters seeking to collect service charges or treble damages, to both individuals, even if the check had only been signed by one person. *See* Stassinos 9/18/07 Dep. 193:24-194:1, 197:19-22. As a matter of common experience, most personal checks are signed by just one individual. *See id.* 194:22-24. Consequently, LRS's standard practice often resulted in seeking to collect service charges or treble damages from persons who had not passed a check on insufficient funds. The experience of defendant Pea is one such example. As discussed in

the court's January 9, 2009 order, Pea was not a person who had passed a check on insufficient funds, but because her name was listed on the bounced check, the demand letter seeking treble damages on the check was addressed to her. *See* Dkt. No. 242 at 13; Stassinos 9/18/07 Dep. 196:13-17. The court thus grants summary judgment of liability against LRS and Mecham for violating 15 U.S.C. § 1692f(1) by seeking to collect service charges or treble damages from individuals other than the person who passed a check on insufficient funds.

### E.   Violation of the UCL

The California Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "In proscribing 'any unlawful . . . business act or practice,' Business and Professions Code section 17200 'borrows' violations of other laws and treats these violations, when committed pursuant to a business activity, as unlawful practices independently actionable under the UCL and subject to the distinct remedies provided thereunder." *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 339 (2003). Because LRS and Mecham's violations of the FDCPA are committed pursuant to the business activity of debt collection, the court grants summary judgment of liability against LRS and Mecham for violation of the UCL.

### F.   Damages & Restitution

The FDCPA provides for both actual damages and statutory damages:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of--
>
>   (1) any actual damage sustained by such person as a result of such failure;
>
>   (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or
>
>   (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector . . . .

15 U.S.C. § 1692k(a). The UCL provides for restitution "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203.

Plaintiffs seek actual damages and restitution in the amount of money that LRS collected in unlawful prejudgment interest. LRS collected $150,154.08 in unlawful interest charges from class members. *See* Dkt. No. 306 ¶ 2, Ex. 1. Thus, the class is entitled to $150,154.08 in actual damages and restitution. Plaintiffs also seek prejudgment interest on their award of restitution. Under California Civil Code § 3287, "every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." The California Constitution provides that "[i]n the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum." Cal. Const. Art. XV § 1. This provision applies to both prejudgment interest and post-judgment interest. *Lund v. Albrecht*, 936 F.2d 459, 465 (9th Cir. 1991). Since there is no California legislation specifying the rate of prejudgment interest for UCL claims, the interest rate of 7% applies. Accordingly, the class is entitled to recover $73.499.27 in prejudgment interest. *See* Dkt. No. 306 ¶ 2, Ex. 1.

Plaintiffs seek statutory damages of $1,000 per debt collector per named plaintiff. In determining the amount of statutory damages to award, courts are to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(2). In this case, LRS violated the FDCPA as part of its standard operating procedure. *See* Stassinos 9/18/07 Dep. 181:19-24, 193:24-194:1, 197:19-22; Dkt. No. 306 Ex. 6; Stassinos 4/1/05 Dep. 180:7-11. Large numbers of persons were affected. *See* Dkt. No. 306 ¶ 2, Ex. 1. However, plaintiffs have not presented evidence regarding the resources of the debt collector or showing the extent to which the debt collector's noncompliance was intentional. The court finds that LRS and Mecham are jointly and severally liable for $1,000 in statutory damages for each named plaintiff.

### G.     Injunctive Relief

The UCL allows courts to provide injunctive relief. Cal. Bus. & Prof. Code § 17203. Plaintiffs seek a permanent injunction prohibiting LRS and Mecham from engaging in the violations of the FDCPA discussed above. The court finds that injunctive relief is appropriate. In connection with

checks written for a personal, family or household purpose, LRS and Mecham are permanently enjoined from: (a) seeking to collect prejudgment interest on a check in addition to service charges or treble damages pursuant to California Civil Code Section 1719, (b) sending collection letters in the name of the creditor that referred the account for collection, and (c) demanding payment of service charges or treble damages pursuant to California Civil Code Section 1719 from any person who has not passed a check on insufficient funds.

### III. ORDER

For the foregoing reasons, the court's ruling is as follows:

1. The court grants summary judgment of liability against LRS and Mecham for: (a) violating 15 U.S.C. § 1692f(1) and the UCL by seeking to collect both prejudgment interest and treble damages, (b) violating 15 U.S.C. § 1692e(14) and the UCL by sending letters in the creditor's name, and (c) violating 15 U.S.C. § 1692f(1) and the UCL by seeking to collect service charges or treble damages from individuals other than the person who passed a check on insufficient funds.

2. LRS and Mecham are jointly and severally liable to the class for $150,154.08 in actual damages and restitution and $73,499.27 in prejudgment interest, for a total of $223,653.35.

3. LRS and Mecham are jointly and severally liable to each named plaintiff for $1,000 in statutory damages.

4. In connection with checks written for a personal, family or household purpose, LRS and Mecham are permanently enjoined from: (a) seeking to collect prejudgment interest on a check in addition to service charges or treble damages pursuant to California Civil Code Section 1719, (b) sending collection letters in the name of the creditor that referred the account for collection, and (c) demanding payment of service charges or treble damages pursuant to California Civil Code Section 1719 from any person who has not passed a check on insufficient funds.

DATED:      10/29/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge