E-FILED on  5/3/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD CARRIZOSA and MARY PEA, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>LEGAL RECOVERY SERVICES, et al.,<br><br>            Defendant. | No. 05-CV-02280 RMW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS<br><br>**[Re Docket No. 315]** |

      Plaintiffs Richard Carrizosa and Mary Pea have moved for an award of reasonable attorneys' fees in the amount of $240,650.40 and costs in the amount of $18,739.69, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Code Civil Proc. § 1021.5, for obtaining the judgment entered against defendants on October 29, 2010. The court has examined the declarations of plaintiffs' counsel submitted in support of the motion, the declaration of Richard M. Pearl, regarding the reasonable hourly rate for the services provided, and the history of this litigation before the court. The court finds that the motion should be granted for the reasons described below.

      Plaintiffs won judgment on claims brought under the Fair Debt Collection Prices Act, which provides that any debt collector who fails to comply with the FDCPA is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as

determined by the court." 15 U.S.C. § 1692k(a)(3).   Plaintiffs also won judgment on claims brought under California's Unfair Competition Law.  Under California's private attorney general statute, Cal. Code Civ. Proc. § 1021.5, plaintiffs would also be entitled to recover attorneys' fees if (1) their action resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit was conferred on the general public or a large class of persons; and (3) the need for and burden of private enforcement was such as to make the award appropriate.  *See In re Head*, 42 Cal. 3d 223 (1986).  Plaintiffs are also entitled to attorneys' fees pursuant to California's Unfair Competition Law because the action resulted in the enforcement of a law that protected consumers from excessive fees, which affects the public interest; because the litigation resulting in a significant benefit to a large class of persons who were sent deceptive collection letters or threatened with excessive fees; and because the financial burden of enforcement was out of proportion to the personal financial stake–less than $3 in interest payments and a possible $1000 statutory damages award–of the two plaintiffs who sought to enforce the law.

The court finds that the hourly rates as set forth below for work on this case are reasonable and are similar to rates awarded to these attorneys in similar litigation in this district.

| Attorney | Hourly Rate |
|---|---|
| O. Randolph Bragg | $480 |
| Paul Arons | $465 |
| Ronald Wilcox | $350 |
| Shannon Carter (paralegal) | $120 |
| Carmel Payne (paralegal) | $90 |
| Marion Ramel (paralegal) | $90 |

The court also finds that plaintiffs' counsel reasonably incurred the time set forth below in seeking class certification, conducting discovery, and filing and defending summary judgment motions.  The time claimed has been discounted by eliminating all time spent solely on claims against defendants who were dismissed and further reduced by 20% to eliminate duplicative time or time spent on claims that were not resolved.

| **Attorney** | **Hourly Rate** |
|---|---|
| O. Randolph Bragg | 25.36 |
| Paul Arons | 470.04 |
| Ronald Wilcox | 21.12 |
| Shannon Carter (paralegal) | 1.1 |
| Carmel Payne (paralegal) | 11.2 |
| Marion Ramel (paralegal) | 15.2 |

Applying the lodestar method, the court finds that reasonable attorneys' fees in the amount of $240,650.40 and costs of $18, 739.69 should be awarded for a total award of $259,390.09. Plaintiffs' motion is granted.

DATED:     5/2/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge